## FAIRCHILD v. UNITED STATES.

(Circuit Court, D. New Jersey. January 18, 1899.)

JURISDICTION OF CIRCUIT AND DISTRICT COURTS — CLAIMS AGAINST UNITED STATES—EFFECT OF AMENDMENT OF STATUTE.

Acts 1898, c. 503, amending section 2, Act March 3, 1887 (24 Stat. 505, c. 359), which conferred jurisdiction on the circuit and district courts over suits on claims against the government, by excluding from such jurisdiction suits by officers of the United States or their assigns for the recovery of fees or compensation, having been passed without a saving clause, applies to such suits then pending, and deprives the courts of jurisdiction to proceed further therein.

This is a suit by Samuel Fairchild to recover fees as an officer of the United States.

J. Kearny Rice, for the motion.

Robert D. Benedict, opposed.

KIRKPATRICK, District Judge. By the second section of an act entitled "An act to provide for the bringing of suits against the government of the United States," approved March 3, 1887 (24 Stat. 505, c. 359; 1 Supp. Rev. St. [2d Ed.] p. 559), the circuit court of the United States was given concurrent jurisdiction with the court of claims to hear and determine the following matters: "All claims founded upon the constitution of the United States or any law of congress except pensions or upon any regulation of an executive department or upon any contract expressed or implied with the government of the United States or for damages liquidated or unliquidated in cases not sounding in tort in respect of which claims the party would be entitled to redress against the United States either in court of law or equity or admiralty were the United States suable,"—provided the amount of the claim exceeded $1,000. Under the authority so conferred, this suit was brought to recover fees said to be due the plaintiff as an officer of the United States. While the action was still pending and undetermined, by an act entitled "An act to amend sections 1 and 2 of the act of March 3, 1887, c. 359" (Acts 1898, c. 503), it was enacted "that section 2 of the act aforesaid * *. * be and the same is hereby amended by adding thereto at the end thereof the following: 'The jurisdiction hereby conferred upon said circuit and district courts shall not extend to cases to recover fees, salary or compensation for official services of officers of the United States or brought for such purposes by persons claiming as such officers or as assignees or legal representatives thereof.'" If we read together the original act and the amendment, it becomes clear that the intent of congress by the amendment of 1898 was to limit the jurisdiction which it had conferred upon the district and circuit courts by the act of 1887. Instead of having, as theretofore, concur-

rent jurisdiction with the court of claims as to all matters named in section 1 of the act of 1887, cases brought to recover fees, salaries, or compensation for official services of officers of the United States were to be excepted. To them the jurisdiction should no longer extend. It is a withdrawal of authority for the courts to consider cases within the class to which it is provided the jurisdiction shall no longer extend, and as to them is a repeal of the act by which the jurisdiction was originally conferred. Insurance Co. v. Ritchie, 5 Wall. 541; Assessor v. Osbornes, 9 Wall. 567. The law of 1898 contains no saving clause, and its effect, therefore, is to devest the court of authority over pending cases. As was said by Mr. Justice Clifford, speaking in the supreme court in Assessor v. Osbornes, supra: "Jurisdiction in such cases was conferred by an act of congress, and when that act of congress was repealed the power to exercise such jurisdiction was withdrawn, and, inasmuch as the repealing act contained no saving clause, all pending actions fell, as the jurisdiction depended entirely on the act of congress." This doctrine has recently been reaffirmed by the supreme court in Re Hall, 167 U. S. 38, 17 Sup. Ct. 723, where the court uses this language: "The effect of the passage of the repealing act was to take away the jurisdiction of the court of claims to proceed further in those cases which were founded upon the act thus repealed. This, congress had power to do." I am of the opinion that the jurisdiction of the circuit court over cases of the class which embraces the one at bar has been taken away by the act of 1898, above cited, and that the court cannot proceed further therein. The case must be dismissed, for want of jurisdiction.