## TWIGG et al. v. YALE & TOWNE MFG. CO.
### Civ. 39–676.

District Court, S. D. New York.
June 12, 1947.

Jerome Y. Sturm, of New York City (Abraham Fishbein, of New York City, of counsel), for plaintiffs.

Porter & Taylor, of New York City (F. Carroll Taylor, Edward L. Richards, Weldon P. Monson and W. Mason Carliss, all of New York City, of counsel), for defendant.

LEIBELL, District Judge.

On March 13, 1947, I filed a memorandum herein in deciding a motion of defendant's seeking a clarification of the complaint and asking that plaintiffs' interrogatories annexed to the complaint be stricken. In the memorandum I stated:

"The plaintiffs named in the title of this action, together with about 850 employees of the defendant listed in Schedule B annexed to the complaint, have brought this action under the Fair Labor Standards Act [29 U.S.C.A. § 201 et seq.] to recover overtime compensation at the rate of time

and one-half [§§ 207 and 216(b)]. It is alleged that defendant did not include in the time for which plaintiffs were paid, the time they were required to spend upon defendant's property both before the scheduled starting time and after the scheduled quitting time; and further, that in various ways and by devious devices during the working hours defendant excluded from the actual working time of the plaintiffs, time which they were required to spend in defendant's employ as described in paragraph 12(D) to 12(O) of the complaint herein. This is not a so-called 'portal to portal' suit, solely. The complaint contains many other allegations concerning the manner in which defendant measured the time of the employees, which plaintiffs contend resulted in denying them compensation for time necessarily spent in the performance of their duties at defendant's plant at Stamford, Connecticut."

On May 23rd defendant's attorneys served a notice of motion for the following relief:

"1. That pursuant to Rule 12(b) (1), (6) [28 U.S.C.A. following section 723c] the complaint and the interrogatories annexed thereto be dismissed on the grounds that this Court has no jurisdiction of the action and that the complaint fails to state a claim upon which relief can be granted.

"2. That the unexecuted portions of the order of the Honorable Vincent L. Leibell, United States District Judge, herein, dated March 21, 1947, as extended by stipulation of the attorneys for the parties herein, be suspended, and that defendant be relieved from further compliance therewith pending the final determination of this motion, and for such other and further relief as to this Court may seem just and proper."

When the motion came on for a hearing it was referred to me by the Judge sitting in the Motion Part of the Court.

An affidavit of defendant's general manager, annexed to the notice of motion, states:

"2. As more fully appears by the complaint, a copy of which is annexed, the individual plaintiffs and the other claimants in this action seek to recover unpaid overtime compensation for certain activities alleged in very general terms in paragraph 12 of the complaint. While the truth of these allegations is not in any wise admitted by the defendant, they are as alleged, activities other than the activities for which the employees are employed. The complaint contains no allegation that such other activities are or have been compensable by any express provisions by written or unwritten contracts, nor by reason of any custom or practice in effect at said Stamford establishment.

"3. Deponent further avers of his own knowledge that there were and are in fact no contracts or customs or practices for payment of compensation for such other activities in the said Stamford establishment since April 15, 1940. Deponent further believes that no such contracts or customs or practices existed from October 24, 1938 to April 15, 1940. That said belief is supported by the affidavit of A. Doughlas Dalton, General Superintendent of said establishment, which is annexed hereto."

An affidavit of defendant's attorney, F. Carroll Taylor, refers to the recent enactment of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., and states that:

"Deponent has advised defendant that under Section 2(d) of the Act of Congress approved May 14, 1947, known as the 'Portal-to-Portal Act of 1947', this court has no jurisdiction to enforce liability against the defendant because of its alleged failure to pay overtime compensation under the Fair Labor Standards Act of 1938, as amended, in respect to an activity which was not compensable under subsections (a) and (b) of said Section, and which subsections release employers from such liability for any activity of its employees engaged in prior to or after May 14, 1947, except such an activity which was compensable either by an express provision of a written or unwritten contract or by custom or practice in effect at the establishment where the employee worked.

"Deponent has further advised defendant that the complaint in this action contains no allegation as to any such contract, custom or practice and therefore, in his opin-

ion, fails to state a cause of action within the jurisdiction of the court or a claim upon which this court has power to grant relief."

Mr. Fishbein, an attorney associated with plaintiffs' attorney in this action, has filed an opposing affidavit from which I quote the following: "Even the defendant's attorneys admitted heretofore, in argument in open Court, that this is not solely a portal-to-portal suit. That is because of the fact, as is pointed out in the complaint and as I mentioned in my opposing affidavit on the prior motion, I am informed the employees are not actually paid for highly substantial periods of time that they actually spent in and around their work benches and elsewhere in the plant, during the actual working hours. Thus, it appears from the complaint that if an employee is late for one minute, he is actually 'docked' for six minutes; if he is late by six minutes, he is 'docked' for twelve minutes. If a breakdown occurs in the plant, for reasons beyond the employee's control, he has to line up, walk to the time clock, punch in, and then later punch out, and for all those periods between the breakdown and the punching in, and after the repair and the punching out, he is likewise not paid; still further, although it may take about thirty minutes a day to perform an operation known as dressing wheels, all during working hours, the employee is not paid for that time; further, although the company requires that the men put protective ointment on their arms and safety devices on their bodies, they are not paid for that time; although the men are required to keep different metals separate and apart during the day, and to clean up around their work benches, they are not paid for the actual time spent; if they have to go to the toilet, the actual time spent by the employees in attending to their personal wants, where the defendant requires them to procure keys from the foreman so that the employees may get into the locker room to wash up before and after attending to their needs, is likewise deducted; and although employees are required to procure certain certificates from the doctor, and to report to the doctor in case of injuries, the actual time spent in the company's hospital is likewise not paid for."

Paragraph 12 of the complaint contains 15 separate subdivisions. It is too long to quote in this opinion. Its contents have been in a way summarized in the above quotations from Mr. Fishbein's affidavit. He adds:

"Assuming that the Act is constitutional, the plaintiffs will, I feel, be able to prove, on trial, that the portal-to-portal claims mentioned in the complaint, do come within both the aforementioned two excepted portions. Thus, the agreement between the parties has specific, express provisions in Sections 92, 92a, 92b and 92d, that employees shall be paid time and a half 'for all time worked before the regular starting time and after the regular quitting time', particularly 'where the employer requests that an employee report for work prior to his regular scheduled starting time.' In this case it is my understanding, after discussions with persons directly concerned, and it is alleged in the complaint, that the work performed prior and subsequent to the scheduled starting and quitting times, and the activities involved, are not only 'requested' by the employer, but are demanded and required activities. Thus, as is alleged in the complaint, I understand that the defendant not only 'requests' but demands and requires that certain work be done by the employees prior to the scheduled starting time, as for example, the donning of certain equipment, the punching in of certain clocks, the smearing on the employees' bodies of certain ointments, etc., and that the same holds true after the scheduled quitting time. Thus, there is express provision in a written contract, for the payment demanded. Still further, the agreement expressly provides for the payment to incentive workers of what are known as average hourly earnings, to be paid during certain contingencies, as for example, temporary interruptions in incentive work due to conditions beyond the employees' control (Section 124c of the contract). The complaint points out that employees on incentive work have not been paid for certain temporary interruptions, despite the express provisions of the contract. There are other pertinent and express provisions of the contract which will be gone into at length on trial, should it be deemed necessary.

"Plaintiffs also claim to come within the second excepted subdivision of the new Act (Sec. 2(a) (2)), namely, that there was a custom or practice in effect at the plant, at the time of the activities mentioned in the complaint, covering those activities. Thus, I understand that as to the so-called portal-to-portal activities of the plaintiffs, mentioned in the complaint, there were, in a number of departments of the defendant's plant, a custom and practice to pay the employees for those activities, but that in other departments of the plant the employees were discriminated against, and these activities were not paid for. Plaintiffs contend that these so-called 'portal-to-portal' activities, therefore, come within the second excepted portion of the New Act, as well as within the first."

I am satisfied that the complaint herein alleges facts constituting certain claims for compensation under the Fair Labor Standards Act, over which this Court would have jurisdiction even under the limitations stated in the Portal-to-Portal Act of 1947. Whether or not certain other claims pleaded in the complaint are properly the subject of suit in this Court in view of the provisions of the Portal-to-Portal Act, is a mixed question of fact and law, which cannot be considered on a motion directed to the pleadings under Rule 12(b) (1) and (6). Further, lack of jurisdiction over the subject matter of a claim is a defense which may be asserted in the responsive pleading. Rule 12(b). An orderly administration of justice in cases such as this would seem to require that the defence of the Portal-to-Portal Act should be pleaded in the defendant's answer. To determine the issues of fact, which that defense might create, would require a trial of the action itself. I do not believe that the question of jurisdiction can, in such a case, be determined in advance of trial, even on a motion for summary judgment based on supporting affidavits. Rule 56. The conflicting statements in the affidavits submitted on this present motion support that conclusion.

For the foregoing reasons the defendant's motion is in all respects denied.