**DEATON v. TITUSVILLE BLDG. CORPORATION et al.**

District Court, S. D. New York.

June 20, 1947.

Benenson, Herwitz & Israelson, and Goldwater & Flynn, all of New York City (James L. Goldwater and Arnold G. Malkan, both of New York City, of counsel), for plaintiff.

Sullivan & Cromwell, of New York City (Inzer B. Wyatt, of New York City, of counsel), for defendant.

COXE, District Judge. .

This is a typical action by maintenance employees for overtime compensation, liquidated damages and attorneys' fees under the Fair Labor Standards Act, 29 U.S. C.A. § 201 et seq.

The action was commenced on December 27, 1946, by service of a summons and complaint, and the time of the defendant American Radiator & Standard Sanitary Corporation to answer has been extended from time to time by stipulation.

The defendant American Radiator & Standard Sanitary Corporation makes no contention that the complaint is insufficient under the Fair Labor Standards Act as it existed prior to the enactment of the Portal-to-Portal Act of 1947 on May 14, 1947, 29 U.S.C.A. § 251 et seq., but it insists that the complaint is now defective because it does not allege facts sufficient

to bring it within the provisions of the Portal-to-Portal Act of 1947. Under the circumstances above described, I think that the present complaint may be deemed sufficient as a pleading, leaving it to the defendant American Radiator & Standard Sanitary Corporation to set up in its answer, by way of defense, any pertinent facts with respect to the Portal-to-Portal Act of 1947.

With respect to the other relief requested, the order may provide that any claimants not already listed in the complaint may apply to intervene on or before October 1, 1947, and that all claimants file written consents to become parties with the Clerk of the Court on or before October 1, 1947.

The motion of the defendant American Radiator & Standard Sanitary Corporation to dismiss the complaint is denied, and the motion for other relief is also denied except to the extent above indicated.