**LEMME et al. v. V. LA ROSA & SONS, Inc.**
Civil Action No. 7792.

District Court, E. D. New York.
July 2, 1947.

Charles L. Cusumano, of New York City. for defendant, for the motion.

Herman E. Cooper, of New York City (Irving Rosen, of New York City, of counsel), for plaintiffs, opposed.

**486**

KENNEDY, District Judge.

This is a motion to dismiss a complaint filed on February 21, 1947, and to direct the filing of a "bill of particulars." There are seventy-eight plaintiffs.

In support of its motion to dismiss, the defendant directs attention to the recent amendment to the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and other companion statutes. This amendment is known as the "Portal-To-Portal Pay Act of 1947," 29 U.S.C.A. § 251 et seq., and the relevant sections are: Part I, sec. 1(a) and Part II, sec. 2(a) (1) and 2(a) (2). The sections last mentioned set forth exceptions to the liability or punishment of an employer under the Fair Labor Standards Act of 1938, and are calculated to carry out the purposes of the findings and policy of the new statute, which is directed against "unexpected liabilities" imposed upon employers in disregard of "long established customs, practices and contracts between employers and employees." More simply stated, the statute was designed to do away with liability for time spent by employees in activities not intended to be compensable.

The defendant argues vigorously that the plaintiff must negative these exceptions in order to set forth a claim.

█ The complaint was sufficient when filed. And if the usual rules of pleading were to be applied, except in circumstances not found here the burden to allege the facts found in the exceptive portions of the statute would be upon the defendant. I find nothing in the statute annulling this logical rule. The effort is to protect the employer against "liabilities," and this is carried out, so long as the final judgment in any cause denies liability for compensation covering the excepted activities. There is nothing to indicate than an employee is forbidden even to invoke the jurisdiction of the Court, absent a direct allegation in his pleading that no compensation is sought for these activities. Very often at the inception of the law suit, plaintiff employee will be in no position to set definite boundaries upon his claim. And I think the spirit of the Federal Rules of Civil Procedure, 28 U.S.

C.A. following section 723c, forbids the erection of any such barrier, unless Congress clearly says it should be interposed. The motion to dismiss the complaint is accordingly denied. Cf. Deaton v. Titusville American Radiator & Standard Sanitary Corporation, S.D.N.Y., 72 F.Supp. 986.

██ As for the branch of the motion under which the defendant seeks a "bill of particulars," it is obvious that it is entitled to some, though not all, of the relief which it claims, even though in its own briefs it has slighted this phase of the matter. The plaintiff vigorously opposes the granting of any relief of this kind at all. But without wishing to make any general ruling, or setting any precedent, and without committing myself to the idea that federal practice permits "bills of particulars," I feel that the "just, speedy and inexpensive determination" (Federal Rules Civil Procedure, rule 1) of this action demands that by October 1 the plaintiff should supply to the defendant a list of the names of the plaintiffs whose claims will be the subject of the trial, together with a concise statement of the claim of each, showing the amount of compensation claimed, the number of hours for which it is claimed and on what dates the activity or activities were engaged in by each employee for the period over which additional compensation is claimed, and the basis upon which the amount stated in the claim is computed. In addition, if there is any dispute concerning the facts underlying the claim that the defendant is engaged in interstate commerce, then plaintiff should furnish a brief statement of the facts upon which they rely to make the statute operative.

This is not a true class action. It is obvious that at the trial the plaintiffs, and each of them, will be called upon to prove the matters which they are here required to summarize. It is equally obvious that the trial will be shortened if, reasonably well in advance, the defendant receives a summary statement of the claim of each plaintiff. To prevent quibbling about the form of the order to be submitted, I request counsel please to follow the language of this memorandum. And also to prevent misunderstanding I say what I have intima-

ted before: That I am setting no precedent concerning "bills of particulars," that my action is not prompted by a desire to prevent "surprise," nor is it to permit the defendant to "fish" into the case of the plaintiffs nor is it to insure that the defendant can "marshal its proof." The sole reason for the disposition which I make is that if it is carried out the trial will be more fair, more speedy, and less expensive to the taxpayers, as well as to the litigants.