**BARTELS et al. v. SPERTI, Inc., et al.,
and ten other cases.**

District Court, S. D. New York.

Sept. 2, 1947.

752

Witt & Cammer, of New York City (Milton Paulson, of New York City, of counsel), for plaintiffs.

Tucker & Shea, of New York City (William A. Shea, of New York City, of counsel), for defendants Sperti, Inc., and Sperti Foods, Inc.

Root, Ballantine, Harlan, Bushby & Palmer and Palmer & Searles, all of New York City (Wilkie Bushby and William J. Butler, both of New York City, of counsel), for defendants Washburn Wire Co. and Washburn Wire Co., Inc.

Phillips, Mahoney & Spohr, of New York City (William E. Goldman, of New York City, of counsel), for defendant Jacob Ruppert, Inc.

Breed, Abbott & Morgan, of New York City (Charles H. Tuttle and Daniel F. O'Connell, both of New York City, of counsel), for defendants Fox Head Waukesha Corporation, and Anheuser-Busch, Inc.

Lord, Day & Lord, of New York City (Daniel F. O'Connell, of New York City, of counsel), for defendant Kips Bay Brewing Co.

Joseph P. Tolins, of New York City (Daniel F. O'Connell, of New York City, of counsel), for defendants Pilser Brewing Co., Inc., and Metropolis Brewery, Inc.

Grant, Clark & Fox, of New York City (Daniel F. O'Connell, of New York City, of counsel), for defendants The John Eichler Brewing Co., Inc., and John Eichler Distributing Corporation.

White & Case, of New York City (Philip H. Weeks, of New York City, of counsel), for defendants P. Ballantine & Sons, Inc., and Hoffman Beverage Co.

MEDINA, District Judge.

Union officials having brought these several actions as agents or representatives of certain employees of defendants, pursuant to the authority found in the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216 (b), now make identical motions for an order that the employees whose names are set forth in the schedules annexed to the complaints, including all employees whose names have been added to such schedules by prior order of this Court, shall "for all purposes" be "deemed" to be specifically named as party plaintiffs herein and that the complaint be "deemed" amended accordingly, without the necessity of serving or filing an amended complaint. They also move that certain formal allegations connecting these employees with the claim for relief be "deemed" made; and that the order shall provide "that the relief granted herein shall be without prejudice to the right of the plaintiffs to contend that the Portal-to-Portal Act of 1947, 29 U.S.C.A. & 251 et seq., is unconstitutional and invalid in whole or in part."

The motions are made for the purpose of taking advantage of Section 8 of the Portal-to-Portal Act of 1947 which became law on May 14, 1947. The provisions of Section 8 follow:

"Sec. 8. Pending collective and representative actions. The statute of limitations prescribed in section 6 (b) shall also be applicable (in the case of a collective or representative action commenced prior to the date of the enactment of this Act under the Fair Labor Standards Act of 1938, as amended) to an individual claimant who has not been specifically named as a party plaintiff to the action prior to the expiration of one hundred and twenty days after the date of the enactment of this Act. In the ap-

plication of such statute of limitations such action shall be considered to have been commenced as to him when, and only when, his written consent to become a party plaintiff to the action is filed in the court in which the action was brought."

In order that an individual claimant may take advantage of the applicable state statute of limitations rather than be barred by the short statute of limitations set forth in the Portal-to-Portal Act of 1947, it seems essential that an individual claimant be "specifically named as a party plaintiff to the action prior to the expiration of one hundred and twenty days after the date of the enactment of this Act."

As these respective identical motions were all argued seriatim and were opposed on various grounds, it will be convenient to dispose of them together.

In limine defendants oppose the motions upon the ground that the Court is without jurisdiction to grant them. Reliance is made upon subdivision (d) of Section 2 of the Portal-to-Portal Act of 1947 which provides:

"No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section."

It is argued that the findings contained in the preamble in Section 1, together with the general scheme of the statute as a whole, manifest an intention to eliminate wholly from the cognizance of the courts actions to enforce liability on account of the failure of an employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., except where such liability is founded upon activities which were compensable under contract, custom or practice as defined in subsections (a) and (b). In support of this argument it is pointed out that the complaints are couched in the general terms typical of actions brought pursuant to Section 216 of the Fair Labor Standards Act prior to the Portal-to-Portal Act of 1947 and that they contain no allegations even remotely suggesting that the claims or any part thereof are based upon activities which were compensable under contract, custom or practice.

The language of Section 2 (d) seems clear and unambiguous. By its terms it excludes jurisdiction of any action or proceeding "whether instituted prior to or on or after the date of the enactment of this Act." These actions would seem to be plainly of the type over which Congress has denied jurisdiction to the courts, as they are actions to enforce liability for overtime compensation under the Fair Labor Standards Act of 1938, as amended, and there is no indication on the face of the complaints that the actions are to enforce liability for claims based upon activities which were compensable in any amount under contract, custom or practice.

As the United States District Courts are courts of limited jurisdiction, it is elementary that the record must show facts from which the Court may infer that jurisdiction exists. There is no presumption of jurisdiction such as exists with respect to courts of general powers. Applying this test, if the Court is without jurisdiction it has no power whatever to act, whether by ruling on the merits or in passing upon applications for incidental and interlocutory relief.

Nor does the lack of jurisdiction seem any the less manifest because jurisdiction existed at the time of the commencement of the various actions. The courts have repeatedly held that jurisdiction once conferred by the Congress upon the District Courts may be taken away in whole or in part, even as to pending cases. In numerous instances complaints of the type found herein have already been dismissed for lack

of jurisdiction since the Portal-to-Portal Act of 1947 became law on May 14, 1947. Cochran et al. v. St. Paul & Tacoma Lumber Co. et al., D.C.W.D.Wash.1947, 73 F. Supp. 288; Boehle v. Electro Metallurgical Co., D.C.D.Or.1947, 72 F.Supp. 21; Story et al. v. Todd Houston Shipbuilding Corp., D.C.S.D.Tex.1947, 72 F.Supp. 690; Fajack v. Cleveland Graphite Co., D.C.N.D.Ohio 1947, 73 F.Supp. 308; Lasater v. Hercules Powder Co., D.C.E.D.Tenn.1947, 73 F.Supp. 264; Whitehouse et al. v. American Rolling Mill Company, D.C.S.D.Ohio, 1947.[2] These courts have necessarily and in most instances specifically held that the Portal-to-Portal Act of 1947 is constitutional and valid. No decision by any court, so far as this court is aware, has held the Portal-to-Portal Act of 1947 unconstitutional and invalid in whole or in part.

In any event, despite doubt as to the jurisdiction of the court, and an inclination to make effective in the fullest measure the intention of the Congress, the rulings heretofore made by other judges of this District will be followed.[3] As stated by Caffey, D. J., in United States v. Aluminum Co. of America, D.C.1941, 2 F.R.D. 224, 234:

"The District Court for the Southern District of New York has thirteen judges. When one of them has put out a considered opinion on a question of law, it is felt generally by his associates that good administration requires them to accept it unless it be reversed or modified by a higher court or unless some other judge of this court before whom the same question arises thinks that the ruling previously made by his associate was clearly erroneous. The adoption of such an opinion by his brethren is not because they do not feel free to disagree with the author, but, in part at least, because they feel that, so far as practicable, it is best to preserve uniformity in their rulings on law questions."

The jurisdictional objection will accordingly be overruled.

The motion is also opposed upon the ground that no order can be made permitting an amendment by which an individual claimant may be specifically named as a party plaintiff, in the interval of one hundred twenty days after the date of the enactment of the statute, unless each of such individual claimants has already filed "his written consent to become a party plaintiff to the action." It is argued that the last sentence of Section 8 requires the filing of the written consent as a condition precedent.

A careful study of Section 8, as well as the general scheme of the new statute as a whole, fails to support defendants' argument. The first sentence of Section 8 merely states that the short statute of limitations prescribed in Section 6 (b) "shall also be applicable" to an individual claimant not specifically named as a party plaintiff within the one hundred twenty day period. In other words, the statute of limitations prescribed in Section 6 (b) shall not be applicable to an individual claimant who has been specifically named as a party plaintiff within the allotted time. Obviously there will be numerous instances in which individual claimants will not have been specifically named as parties plaintiff prior to the expiration of the one hundred twenty day period. Accordingly the last sentence of Section 8 can only mean, what it appears plainly to state, namely, that in the application of "such statute of limitations" [that is to say, the short statute of limitations prescribed in Section 6 (b)] "such action" [that is to say, a collective or representative action commenced prior to the date of the enactment of the Portal-to-Portal Act of 1947] "shall be considered to have been commenced as to him" [that is to say, an individual claimant who has not been specifically named as a party plaintiff to the action prior to the expiration of one hundred twenty days after the date of the enactment of the statute] "when, and only when, his written consent to become a party plaintiff to the action is filed in the court in which the action was brought."

---

[2] Contra: Lemme v. V. La Rosa & Sons, Inc., D.C.E.D.N.Y.1947, 7 F.R.D. 485, Kennedy, D. J.

[3] Deaton v. Titusville, American Radiator and Standard Sanitary Corp., D.C.S.D.N.Y., 72 F.Supp. 986; Genuth et al. v. Ward Baking Co., D.C.S.D.N.Y.[1]

[1] No opinion for publication.

In formulating the rules applicable to collective and representative actions pending on May 14, 1947, the Congress doubtless had in mind that there would be two classes of cases; one, in which individual claimants would be specifically named as parties plaintiff within the one hundred and twenty day period; and two, in which individual claimants would not be specifically named as parties plaintiff within said period. With respect to those in the second class the short Statute of Limitations will apply. No other meaning can be ascribed to the last sentence of Section 8. It simply states that the short Statute of Limitations, the one prescribed in Section 6 (b), applies to an individual claimant who has not been specifically named as a party plaintiff to the action on or prior to September 11, 1947 and that the action "shall be considered to have been commenced as to him when, and only when, his written consent to become a party plaintiff to the action is filed."

Had the Congress desired to require, within the one hundred twenty day period, both an amendment by which an individual claimant should be specifically named as a party plaintiff to the action and also the filing of his written consent, it would have been a very simple matter to say so.

The Conference Report containing the text of the Act and the Statement submitted by the Managers on the Part of the House of Representatives, dated April 29, 1947 (80th Congress, 1st Session, Report No. 326), in its comments on Section 8 indicates clearly that there was no intention to require the filing of written consents as a condition precedent to the effective naming specifically of individual claimants as parties to the action as provided in Section 8.

The motions are further opposed upon the ground that there is no showing of authority from any of the individual claimants nor do the motions purport to be made by them. It is pointed out that the moving parties are the union officials who commenced the action as plaintiffs in the beginning and that the individual claimants should not be brought in as parties plaintiff to the action, with all the legal burdens of parties, such as possible liability for costs, counterclaims and so on, without the production of some new and recent document evidencing the fact that each individual claimant authorizes the application.

The difficulty with all these arguments is that they fail to take account of the fact that these actions are sui generis. They were properly brought in the first place as in each such case the employees, pursuant to the provisions of Section 216 (b) of the Fair Labor Standards Act, designated union officials as agents[4] or representatives to maintain such actions for and in behalf of each and every one of the employees on whose behalf the action was brought. In the Washburn Wire Company case the document described as a "warrant of authority" is set forth in Schedule A of the complaint and reads as follows:

"Authorization to Prosecute Wages and Hours Claim

"Pete Mosele, Director District #2, United Steelworkers of America, Frank Rizzo, President, Local Union 2063, United Steelworkers of America, Roger Finning, Recording Secretary, Local Union 2063, United Steelworkers of America.

"Dear Sir and Brother:

"During my employment by the Washburn Wire Company I did not receive full payment for all hours worked by me as required by the Fair Labor Standards Act.

"I, a member of the United Steelworkers of America, do hereby authorize you to institute and maintain an action for me and on my behalf individually and on behalf of all other employees similarly situated or as my trustee, agent and representative, for and on behalf of myself and all other employees similarly situated against the Washburn Wire Company to recover the amount due to me because of such underpayments, plus an additional equal amount as liquidated damages.

"You are authorized to retain counsel to recover by legal action or otherwise the

---

[4] It is to be noted that the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216 (b) states only that "such employee or employees may designate an agent or representative to maintain such action."

amounts due me including liquidated damages and attorney's fees, to settle, adjust, or compromise such claims, to issue releases on receiving payment or settlement of such claims. I am to be under no liability for the payment of any counsel fee except to the extent of 20% of the total amount recovered against which is to be credited proportional share of any fees allowed by the Court to counsel retained by you under this authorization.

"Fraternally yours,

"Dated this ——— day of ———

———, 194— in the presence of ———          Check No. —

———————————————————

(Witness)

———————————————————

(Witness)"

These "warrants of authority" vary somewhat in phraseology but in substance this one is typical of the others.

There can be no doubt that the Portal-to-Portal Act of 1947 contemplated that such actions should remain in full force and effect, subject to the limitations as to jurisdiction and otherwise provided in various sections of the Portal-to-Portal Act of 1947. Indeed, Section 8 which is applicable solely to "pending collective and representative actions" would seem to indicate that the Congress had no intention of placing these actions in any new or different category from that contemplated by Section 216 (b) of the Fair Labor Standards Act.

Accordingly, there would seem to be no reason why plaintiffs should not be given leave to serve and file amended complaints in which each such individual claimant shall be specifically named as a party plaintiff to the action. Particularly so in view of the provisions of Federal Rules, Civil Procedure, rule 21, 28 U.S.C.A. following Section 723c, that "Parties may be dropped or added by order of the court on motion of *any* party or of its own initiative at any stage of the action and on such terms as are just." See Society of European Stage Authors & Composers, Inc., et al. v. WCAU Broadcasting Co., D.C.E.D.Pa. 1940, 1 F.R.D. 264.

But these plaintiffs are not content to move for leave to amend; they seek an order to the effect that the complaint be "deemed" amended and that the individual claimants whose names appear in the respective schedules attached to the complaints be "deemed" specifically named as parties plaintiff to the action. This relief is sought because of the trouble and expense involved in retyping the complaints and the shortness of time prior to September 11th, 1947, the one hundred and twentieth day after May 14, 1947, the date of enactment of the Act.

But may there not be consequences of such an order the nature of which is not clearly apparent at this time and which bear no relation to the mere saving of time and expense of retyping the complaints as amended?

The precise wording of the title to the complaint as amended may be of significance. Furthermore, in some of these cases the schedules attached to the complaints contain what appear to be duplications of names and the usual ambiguities incident upon lists containing scores and in some cases hundreds of names. Section 8 does not appear to sanction nunc pro tunc orders permitting individual claimants to be specifically named as plaintiffs to the action as of a date prior to September 11, 1947, and yet a flood of such applications may well follow if the court orders the complaints "deemed" amended in accordance with the prayer for relief herein. Furthermore, it is no fault of defendants that plaintiffs have waited so long to make these motions, despite the publicity attendant upon the enactment of the Portal-to-Portal Act of 1947.

Surely in the face of the findings of fact in the preamble of the Act (Part I, Findings and Policy) and the statement in the President's Message to the Congress approving the Act, to the effect that "the purpose of the main provisions of the Act is to eliminate the immense potential liabilities which have arisen as the result of the 'portal-to-portal' claims," the Courts should not be astute to find ways to facilitate the continuance of such cases in the face of unwillingness on the part of the plaintiffs therein to amend their complaints so as clearly to show whether or not the claims are based upon activities which were com-

pensable in any amount under contract, custom or practice as defined in the Act. The intention to "eliminate," appearing so clearly in the section relating to lack of jurisdiction, was plainly to "eliminate" forthwith and not after the lapse of a year or so, when the cases finally come up for trial on the merits and innumerable motions and proceedings by way of discovery and otherwise have been concluded and the defendants put to the very considerable expense of preparation for trial.

The practice in the past as to claims large or small has been to require that the pleadings as amended be written out, served and filed, except in the case of the correction of trivial errors. The present inconvenience of retyping the document would seem to be less than the inconvenience to the court and to counsel at the trial, at which time a search must necessarily be made through a variety of miscellaneous stipulations and orders to find the title to the action and the names of the parties. It is no mere technicality to require some semblance of order in a judicial proceeding and it seems little enough to require of plaintiffs that they serve and file a complaint which shall show the title of the action with the names of the parties, together with such formal allegations as may connect them with the claim for relief. Moreover, it would seem that the Congress in providing for the naming specifically of individual claimants as parties plaintiff to the action could scarcely have intended, as an easy equivalent, a court order by which the claimants were "deemed" to be so named.

Other points involving the construction and interpretation of various provisions of the Portal-to-Portal Act of 1947 were argued by counsel, but it is unnecessary to discuss them in view of the conclusions arrived at herein.

Plaintiffs may accordingly make their choice. The court in the exercise of its discretion will order that on the date of the entry of the order determining this motion the complaint will be "deemed" amended as prayed in the notice of motion, provided and on condition that plaintiffs prior to the entry of said order file a stipulation by the terms of which they agree that on or prior to November 1, 1947, or such later date as may be satisfactory to the court, they will serve an amended complaint in which the proper and full title to the action will appear and in which they will also disclose with reasonable certainty whether or not the claims of the individual claimants are based upon activities which were compensable in any amount under contract, custom or practice as defined in the Act. Otherwise the motion will be granted only to the extent of permitting plaintiffs on or prior to September 11, 1947, to serve and file an amended complaint in which the individual claimants shall be specifically named as parties plaintiff, with such formal allegations as may connect them with the claim for relief. In all other respects the motion is denied.

Settle order on notice.