73 F.Supp. 852 (1947)
JOHNSON et al.
v.
PARK CITY CONSOL. MINES CO.
No. 5119.
District Court, E. D. Missouri, E. D.
October 3, 1947.
*853 *854 Bruner, Farabi, & Matuschka, Sylvan Bruner, Pete Farabi, Morris Matuschka and Barnes Griffith, all of Pittsburg, Kan., Wolf & Leary, Louis N. Wolf and Daniel J. Leary, all of Joplin, Mo., and Sidney L. Stone, of St. Louis, Mo., for plaintiffs.
Cobbs, Logan, Roos & Armstrong, George B. Logan, William H. Armstrong and J. Terrell Vaughan, all of St. Louis, Mo., for defendant.
HULEN, District Judge.
Plaintiffs filed this suit as representatives of certain of defendant's employees for overtime pay. The case of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 was decided by the Supreme Court of the United States June 10, 1946. This suit was filed December 31, 1946, and apparently is based on the ruling of the Supreme Court in the Mt. Clemens Pottery case. By agreement of counsel the cause has been continued from term to term in view of consideration by Congress of legislation suggested by the ruling of the Supreme Court in the Mt. Clemens Pottery case. Following the passage by Congress of amendments to the Fair Labor Standards Act of 1938, known as the "Portal-to-Portal Act" of 1947, H.R. 2157, approved May 14, 1947, 29 U.S.C.A. § 251 et seq., defendant filed a motion to dismiss on the ground that this Court is without jurisdiction by virtue of the Act of Congress. This motion is now before the Court for ruling.
A complaint should not be dismissed for failure to contain allegations which confer jurisdiction unless from the face of the complaint it appears to a certainty that plaintiff has not and cannot allege a case conferring jurisdiction on the Court. The complaint should be given a liberal interpretation.
The complaint seeks recovery under the "Fair Labor Standards Act", 29 U.S.C.A. § 201 et seq., and bases jurisdiction upon "28 U.S.C., Section 41(8) [28 U.S.C.A. § 41(8)], which gives District Courts of the United States jurisdiction `of all suits and proceedings arising under any law regulating commerce' and upon Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C., Section 216(b) [29 U.S.C.A. § 216(b)], herein referred to as `the Act'". The complaint alleges in detail the facts upon which the charge of violation of the Fair Labor Standards Act is predicated. Typical of such charges are subparagraphs (d) and (e) of section III of the complaint:
"(d) Defendant has, and at all times mentioned herein had, scheduled for each of the employees starting times and quitting times. The employees are, and at all times mentioned herein have been, required by defendant to be at their respective places of work at such starting times and to remain at work until such quitting times. To comply with these requirements of defendant and because of the nature of their work for the defendant it is, and at all times mentioned herein was, necessary for the employees to arrive at and enter into the premises of defendant and to remain thereon substantial periods of time before their scheduled starting times and after their scheduled quitting times.
"(e) The time necessarily spent as aforesaid by the employees upon the premises of defendant, both before the scheduled starting times and after their scheduled quitting times, was at all times herein mentioned, and now is, consumed in activities involving mental and physical exertion. These activities are under the defendant's control and for the benefit, convenience and necessity of defendant as follows:"
It is plain that plaintiffs' case is based on the Fair Labor Standards Act as it existed prior to the 1947 amendment and a case has been stated of the same character as was before the Supreme Court in the Mt. Clemens Pottery case. What was the effect of the amendment of the Fair Labor Standards Act of 1947 on plaintiffs' case? As we read the 1947 amendment to the Fair Labor Standards Act and that *855 portion of it applying to the present controversy[*], this Court is without jurisdiction to enforce liability under the Fair Labor Standards Act of 1938 in any action for overtime compensation, except for activities which when performed were compensable either by the express provisions of a contract, written or oral, then in effect, or by custom or practice then in effect. The complaint pleads liability on behalf of the defendant for overtime compensation, but does not plead that the activities for which overtime compensation is sought were compensable at the time such activities were performed (1938 to date of filing of complaint), under either an express provision of a contract, written or unwritten, then in effect, or a custom or practice then in effect.
It is plaintiffs' position, as we read their brief, that (1) the "Portal-to-Portal Act" of 1947 is not applicable to this suit; (2) the jurisdictional defense raised by defendant is an affirmative defense which the defendant has the burden of establishing and can be determined only after the evidence in the case has been heard; (3) that to apply the Portal-to-Portal Act to the facts of this case would render the Act unconstitutional because it attempts to divest defendant's employees of previously vested property rights under an employment contract; and (4) plaintiff-employees render their services on the basis of the provisions of the Fair Labor Standards Act of 1938 and a written agreement specifically protecting them as to all rights to compensation under such law.
(1-2) We cannot agree with plaintiffs that the amendment to the Fair Labor Standards Act of 1947 does not apply to this suit. Under the allegations of the complaint it is precisely this character of litigation to which the 1947 amendment does apply. The complaint details the activities for which compensation is sought and sets forth the time as before and after the scheduled "starting times and after their scheduled quitting times" of defendant's employees. The services performed were "to change into work clothes and/or protective clothing, to obtain equipment and to make other necessary preparations for work and, to proceed to their respective places of work, all of which must be done prior to the scheduled starting times". The same procedure and the same activities are described as compensable "at the *856 end of the work-day" and "during the lunch periods"; going to the premises "of the defendant for payment for their work and to await thereat for payment of wages * * * travel to and from premises of the defendant * * * for medical examinations * * * to await thereat for said medical examination". Had plaintiffs been content to rest the allegations of jurisdiction and claims for compensation solely on the allegation that the suit arises under "the Fair Labor Standards Act of 1938" as amended, and the defendant's employees, before suit was instituted, performed services in producing goods for interstate commerce compensable under the Fair Labor Standards Act, the pleading would doubtless have been sufficient to meet the requirement insofar as pleading a jurisdictional case is concerned under the Federal Rules of Civil Procedure[*], 28 U. S.C.A. following section 723c, but the complaint goes further and details the character of work performed by the complainants and in detailing such activities of the complainants sets forth facts that show this Court is without jurisdiction under the 1947 amendment to the Fair Labor Standards Act unless there was a contract or custom to pay for such activities. The position in which plaintiffs find themselves by virtue of their detailed pleading is similiar to that of a complaint which alleges an amount sufficient to confer jurisdiction in a diversity case but other allegations of the complaint qualify or detract from it in such measure that it cannot fairly be said that jurisdiction appears on the face of the complaint. Sparks v. England, 8 Cir., 113 F.2d 579. The Supreme Court announced the rule in Smith v. McCullough, 270 U.S. 456, 46 S.Ct. 338, 339, 70 L.Ed. 682 that "a plaintiff suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment". See 28 U.S.C.A. § 80.
(3) Plaintiffs' argument that to construe the amendment to the Fair Labor Standards Act of 1947 as applying to this case would render the amendment unconstitutional because it attempts to divest "these employees of previously vested property rights under an employment contract" fails to recognize that the jurisdiction of this Court is purely statutory. The right of a citizen to prosecute his cause in the United States District Court is not a right guaranteed by the Constitution. Plaintiffs' alleged cause of action was created by Congress in the passage of the Fair Labor Standards Act. Plaintiffs do not have, and do not claim to have, any rights against the defendant apart from the statute. The Act was brought into being by Congress and Congress might at any time revoke its terms or modify it in any way  certainly at least before benefits have been derived by plaintiffs from the complete exercise or acceptance of the statutory privilege by a judgment. The jurisdiction of District Courts, in a case of the character set forth in the complaint, has been withdrawn under the provisions of the 1947 amendment to the Fair Labor Standards Act subject to certain conditions. This, the Congress had a right to do. The question is not new. In Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 82, 67 L.Ed. 226, 24 A.L.R. 1077, the Supreme Court said: "Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. That body may give, withhold or restrict such jurisdiction, at its discretion provided it be not extended beyond the boundaries fixed by the Constitution. Turner v. Bank of North America, 4 Dall. 8, 10, 1 L.Ed. 718; United States v. Hudson & Goodwin, 7 Cranch, 32, 3 L.Ed. 259; Sheldon v. Sill, 8 How. 441, 448, 12 L.Ed. 1147. Stevenson v. Fain, 195 U.S. 165, 25 S.Ct. 6, 49 L.Ed. 142. The Constitution simply gives to the inferior courts the capacity to take jurisdiction in the enumerated cases, but it requires *857 an act of Congress to confer it. The Mayor v. Cooper, 6 Wall. 247, 252, 18 L.Ed. 851. And the jurisdiction having been conferred may, at the will of Congress, be taken away in whole or in part; and if withdrawn without a saving clause all pending cases though cognizable when commenced must fall."
See Norris v. Crocker, 13 How. 429, 54 U.S. 429, 14 L.Ed. 210, where the Supreme Court, passing on an Act concerning rights of recovery against those who obstructed recovery of slaves, said: "As the plaintiff's right to recover depended entirely on the statute, its repeal deprived the court of jurisdiction over the subject matter. And in the next place, as the plaintiff had no vested right in the penalty, the Legislature might discharge the defendant by repealing the law."
In Assessors v. Osbornes, 9 Wall. 567, 76 U.S. 567, 19 L.Ed. 748 the Court had before it an Act of Congress depriving Circuit Courts of jurisdiction of cases arising under provisions of the Internal Revenue laws which conferred on taxpayers the right to recover back duties illegally assessed. The Court said: "Since the passage of the Act and the repeal of the fiftieth section of the prior act, the Circuit Courts have no jurisdiction of cases arising under the internal revenue laws to recover back duties illegally assessed and paid under protest, unless the plaintiff and defendant therein are citizens of different States. * * * 14 Stat. at L. 171, sec. 67."
In Brainard, Collector of Internal Revenue, v. Hubbard, 12 Wall. 1, 79 U.S. 1, 20 L.Ed. 272 the Supreme Court, in passing upon an amendment to the Internal Revenue law, made a like ruling: "Sufficient has already been remarked to show that * * * a party cannot have any vested right in a remedy conferred by an act of Congress to prevent Congress from modifying it or adding new conditions to its exercise".
(4) As we understand the contention of plaintiffs, it is that the employees concerned rendered their services "on the basis of the provisions of the Fair Labor Standards Act of 1938 and a written agreement specifically protecting all rights to compensation under such law", this agreement is not pled nor referred to in the complaint. We take the quotation from the plaintiffs' brief. Even if this character of contract was pled, it would not meet the requirements of the Fair Labor Standards Act, as amended, because plaintiffs' "rights to compensation under such law" are withdrawn from the jurisdiction of this Court when those rights are based on activities of the kind described in the complaint, absent a contract or custom making such activities compensable. Existence of such character of contract or custom, required by the Act as amended, is not claimed by plaintiffs.
Mr. Justice Harlan said in Bors v. Preston, 1888, 111 U.S. 252, 4 S.Ct. 407, 408, 28 L.Ed. 419, respecting jurisdiction of the Federal Court, "the presumption, in every stage of the cause, is that it is without their jurisdiction, unless the contrary appears from the record". We do not reach our conclusion from this negative interpretation of the complaint. We conclude that it appears on the face of the pleading this Court is without jurisdiction. Our position is supported by ruling of other District Courts. See Boehle v. Electro Metallurgical Co., D.C.Or.1947, 72 F.Supp. 21; Burfeind v. Eagle-Picher Co. of Texas, D. C.Tex.1947, 71 F.Supp. 929. Cochran et al. v. St. Paul & Tacoma Lumber Co. et al., D.C.Wash.1947, 73 F.Supp. 288; Story et al. v. Todd Houston Ship Building Corporation, D.C.Tex.1947, 72 F.Supp. 690; Fajak v. Cleveland Graphite Co., D.C.Ohio 1947, 73 F.Supp. 308. There are cases to the contrary. Deaton v. Titusville Building Corporation, D.C.N.Y.1947, 72 F.Supp. 986; Lemme v. La Rosa & Sons, D.C.N.Y.1947, 7 F.R.D. 485. With the latter cases we cannot agree.
The motive activating the 1947 amendment to the Fair Labor Standards Act is not a matter for consideration by this Court. To give effect to the law as written is our province solely. We think we should give effect to it in accord with the Federal Rules of Civil Procedure, a construction "to secure just, speedy and inexpensive determination of" the action. This action involves a large number of records and employees. It would require *858 expenditure of large sums of money and time to get ready for trial and the trial would be long, in fact might even call for a master. Why go through such procedure, as suggested by plaintiffs, to reach a position that is now obvious from the record. If plaintiffs can prove a contract or custom as called for by the amended Act it should not be kept secret until the trial. Likewise if they cannot produce such evidence that should not be kept secret until the trial.
Defendant's motion to dismiss was filed July 1, 1947, and was heard September 26, 1947. Plaintiffs evidence thorough acquaintance with the 1947 amendment to the Fair Labor Standards Act by briefs filed, and particularly with respect to the requirement for either a contract or custom as a jurisdictional basis for this Court to entertain a suit of the character presented. They have failed to request leave to amend the complaint to allege a contract or custom, and because of such conduct we conclude it would serve no purpose to grant plaintiffs leave to amend their pleading in that regard.

Order
Motion of the defendant to dismiss plaintiffs' complaint because the Court lacks jurisdiction of the subject matter of the cause under the provisions of the Fair Labor Standards Act, as amended, is sustained. (We do not pass on plaintiffs' motion to amend as to parties plaintiff and adding parties plaintiff.)
NOTES
[*] Section 2(d) of Part II provides:

"No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act [41 U.S.C.A. § 35 et seq.], or under the Davis-Bacon Act [40 U.S.C.A. § 276a], to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with-respect to an activity which was not compensable under subsections (a) and (b) of this action."
Subsections (a) and (b) of Section 2 of Part II provides:
"No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Davis-Bacon Act (in any action or proceeding commenced prior to or on or after the date of the enactment of this Act), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either 
(1) an express provision of a written or non-written contract in effect, at the time of such activity, between such employee, his agent, or collective bargaining representative and his employer; or
(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or non-written contract, in effect at the time of such activity, between such employee, his agent, or collective bargaining representative and his employer.
"For the purposes of subsection (a), an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable."
[*] See Form 2, Appendix of Forms, Revised Federal Rules of Civil Procedure, effective at the close of the present session of Congress. We construe the suggested forms as indicating proper pleading of jurisdictional facts as the rule in that respect is not changed by the amendments now before Congress.