action, and with the result that this court is fully convinced from the arguments of counsel and authorities cited, and from able decisions rendered by other courts embracing like issues, that the motion of defendant's counsel should be granted on both grounds therein set forth, and such is the order of the court herein, with exceptions allowed counsel for plaintiff.

tinguishable from Deaton v. Titusville Bldg. Corporation, D.C., 72 F.Supp. 986. Under these circumstances, I think the complaint must allege that the activities for which compensation is sought were compensable under an express contract, custom or practice. The complaint now under attack fails to make these allegations, and is defective in that respect.

The motion of the defendant to dismiss the complaint for failure to state facts sufficient to show that the Court has jurisdiction over the subject matter of the action is accordingly granted, with permission to amend within 20 days.

## BORUCKI et al. v. CONTINENTAL BAKING CO.

District Court, S. D. New York.

Nov. 7, 1947.

## MINOR v. MINOR.
### Civil Action No. 314.

District Court, D. Nebraska, Grand Island Division.

Dec. 17, 1947.

Herman E. Cooper, of New York City (Herman E. Cooper and Irving Rozen, both of New York City, of counsel), for plaintiffs.

Mudge, Stern, Williams & Tucker, of New York City (Paul D. Miller and Milton Black, both of New York City, of counsel), for defendant.

COXE, District Judge.

This action was commenced on September 8, 1947, or nearly four months after May 14, 1947, the effective date of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq. It is therefore plainly dis-