## SOCHULAK et al. v. AMERICAN BRAKE SHOE CO.

District Court, S. D. New York.

Jan. 5, 1948.

Jerome Y. Sturm, of New York City (By Joseph Goldberg, of New York City, of counsel), for plaintiffs.

Milbank, Tweed, Hope & Hadley, of New York City (John A. Kelly and Austen B. McGregor, both of New York City, of counsel), for defendant.

GODDARD, District Judge.

Motion by defendant to dismiss the complaint for lack of jurisdiction of the subject matter. The action is brought by a large group of defendant's employees to recover for overtime compensation, liquidated damages and attorneys' fees. The original complaint under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., was filed January 20, 1947 and after the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., the complaint was amended.

The services or activities upon which the claims are based consisted of what are generally known as "portal to portal activities"; such as the employees walking from the entrance of defendant's plant to the employee's station or place of work, and back at the end of the working day,

---

changing his clothes before and after his work, and punching a time clock.

This court has only such jurisdiction as is conferred upon it by Congress. Section 2 of the Portal to Portal Act of 1947 expressly says that no court shall have jurisdiction of any action or proceeding whether instituted prior to or after the enactment of the Act to enforce any liability under the Fair Labor Standards Act, except an activity which was compensable by either an express provision of a contract, or by a custom or practice in effect at the time of such activity. The complaint contains no such allegations. Hence, it does not affirmatively appear that this court has jurisdiction, and the complaint must be dismissed.

Motion to dismiss complaint is granted with leave to plaintiffs to amend complaint within ten days. Settle order on notice.