## KOVACS v. METROPOLITAN LIFE INS. CO. et al.

United States District Court
S. D. New York.
April 20, 1948.

Benenson, Herwitz & Israelson, New York City, for plaintiff.

Tanner, Sillcocks & Friend, New York City (David R. Crow, New York City, of counsel), for defendant Metropolitan Life Ins. Co.

LEIBELL, District Judge.

On November 26, 1946 "Alfred Kovacs, suing in his own behalf and as agent and representative in behalf of all present and former employees of defendants similarly situated" filed a complaint under § 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), naming the Metropolitan Life Insurance Company and others as defendants. The suit was based on a claim for unpaid overtime and liquidated damages. Paragraph IX of the complaint alleged that plaintiff had been authorized to institute the action in behalf of 34 named employees. The period during which the employees were alleged to have worked overtime, for which they had not been compensated at overtime rates, § 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207, was between February 5, 1942 and October 30, 1945.

On May 14, 1947 the Portal to Portal Act of 1947, 29 U.S.C.A. § 251 et seq. became a law. It required that as to an action then pending, written consents be filed by the employees not named as plaintiffs, before an action under the Fair Labor Standards Act shall be deemed commenced. The Portal Act also fixed a statute of limitations of two years and allowed an extra 120 days for the filing of the consents as to any pending action. Unless the consents were timely filed the Court lost jurisdiction.

The defendant, Metropolitan Life Insurance Company, on February 4, 1948, served a notice of motion—

"* * * for an order dismissing the complaint, pursuant to Rule 12, Subdivision (b), of the Rules of Civil Procedure, on the ground that there is lack of jurisdiction on the subject matter here involved in that action is brought for overtime under the Fair Labor Standards Act of 1938 but the plaintiff and his attorneys failed to comply with the requirements of the Portal-to-Portal Pay Act enacted May 14, 1947, in that the plaintiff, or his attorneys, failed to file in this action any written consents required by Sections 6 and 8 of the Portal-to-Portal Pay Act of 1947, and that no consent of the persons named in the complaint to become a party plaintiff has been filed herein

and more than one hundred and twenty days from May 14, 1947, have expired.

"Please Take Further Notice that we will move for an order dismissing the complaint on the ground that this action is for overtime under the Fair Labor Standards Act of 1938 and there is no claim that the overtime compensation sued for was compensable pursuant to the express provision of a contract or by custom or practice in effect at the time of such alleged activity, as required by Section 2(a) and 2(b) of the Portal-to-Portal Pay Act of May, 1947. Pursuant to Section 2(d) of the said Act, this Court does not have jurisdiction of this action."

The motion was argued April 13th. I am in receipt of a letter from plaintiff's attorneys in which they state that "we shall not object to a decision * * * dismissing the complaint as to all the claimants except Kovacs, on the ground that no consents were filed in this action". That statement is in line with decisions of this court sustaining the statutory requirement in respect to the filing of written consents. Drabkin v. Gibbs & Hill, Inc., D.C., 1947, 74 F.Supp. 758. Bartels et al. v. Sperti, Inc., et al, D.C., 1947, 73 F.Supp. 751.

But plaintiff's attorneys object to a dismissal as to Kovacs. He was a named plaintiff in this action which was pending when the Portal-to-Portal Act of 1947 became a law. As to him, the Portal Act contained no requirement that a written consent be filed. The short statute of limitation of the Portal Act did not bar part of his claim.

However, the attorneys for Metropolitan urge as to Kovacs that the complaint fails to state a claim on which relief can be granted, Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., because there is no allegation that the claim of Kovacs for overtime was one compensable either under the provisions of a contract or by a custom or practice governing his employment. § 2(a) and 2(b) of the Portal Act. I believe that this is not an essential allegation of a complaint filed before the Portal Act became law. The issue can be raised by answer. Twigg v. Yale & Towne Mfg. Co., D.C., 7 F.R.D. 488; Lemme v.

LaRosa & Sons Inc., D.C., 7 F.R.D. 485; Deaton v. Tilusville Bldg. Corp., D.C., 72 F.Supp. 986 and Borucki et al. v. Continental Baking Co., 74 F.Supp. 815.

Settle order accordingly.