## SHAIEVITZ v. LAKS et al.

United States District Court
S. D. New York.

May 3, 1948.

William Goldfinger, of New York City, for plaintiff.

Bernard F. Levy, of New York City, for defendant.

KNOX, District Judge.

This is a motion to dismiss the complaint for failure to state jurisdictional facts.

The complaint was filed November, 1946. Its allegations, as of that date, were sufficient to set up a good cause of action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Defendant is said to manufacture men's and boys' sport jackets. In Paragraph 8 of the complaint plaintiff alleges that "the defendants employed the plaintiff * * * for workweeks longer than the applicable maximum number of hours * * * and failed and refused to compensate the plaintiff for such employment in excess of said applicable maximum in such workweeks, at rates not less than one and one half times the regular rates at which he was employed."

Plaintiff filed a bill of particulars in February, 1947. It states that plaintiff worked an average of over 58 hours a week from June 1942 to January 1944.

On May 14, 1947, the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., became law. By virtue thereof, defendant now moves to dismiss the complaint for a jurisdictional defect, i. e. that it does not allege that the work for which additional pay is claimed was compensable by custom, contract, or practice. The claim, perhaps, is not that the overtime was not paid for, but that it was not paid for at time and one-half rates. If so, it does not appear clearly from the complaint. If it did, the work would have been compensable by contract, and there would be no jurisdictional defect.

The great majority of opinions have held that the failure to allege that the activities sued upon were compensable by contract, custom, or practice, is a jurisdictional defect and may be taken by a motion to dismiss. Burfeind v. Eagle-Picher Co., D.C.Tex.1947, 71 F.Supp. 929; Cochran v. St. Paul & Tacoma Lumber Co., D. C.Wash.1947, 73 F.Supp. 288; Seese v. Bethlehem Steel Co., D.C.Md.1947, 74 F. Supp. 412. As stated by Judge Clancy in the opinion in Lemme v. Caruso, Civ. No. 39–241,[1] as yet unreported (S.D.N.Y., January 17, 1948), there is "substantial, if not complete unanimity of the courts in dismissing complaints under the Fair Labor Standards Act, unless plaintiffs affirmatively show that the claim is based on a contract or usage thus manifesting the jurisdiction of the Court."

In this Circuit four early cases indicated that a motion to dismiss on these grounds should be denied. Lemme v. V. La Rosa & Sons, D.C.E.D.N.Y. 1947, 7 F.R.D. 485; Deaton v. Titusville Building Corp., D.C. S.D.N.Y.1947, 72 F.Supp. 986; Twigg v. Yale & Towne Mfg. Co., D.C.S.D.N.Y. 1947, 7 F.R.D. 488; Bartels v. Sperti, D.C. S.D.N.Y.1947, 73 F.Supp. 751. All these decisions held that the defect should be raised in defendant's responsive pleading. In each of them the complaint was filed prior to May, 1947.

More recent decisions, however, would seem to align the views of this District with cases arising elsewhere, and which hold that if the complaint does not allege that the activities were compensable by custom, contract, or practice, a motion to dismiss should be granted. In Borucki v. Continental Baking Co., D.C.S.D.N.Y. 1947, 74 F.Supp. 815, Judge Coxe granted the motion to dismiss, distinguishing the Deaton case, supra, by noting that the complaint in that suit was filed before May, 1947, while in Borucki it was filed after May. In two decisions in this District the motion to dismiss was granted although the complaint was filed prior to May, and was not amended after May. Sochulak v. American Brake Shoe Co., D.C.S.D.N.Y 1948, 79 F.Supp. 437; Bonner v. Elizabeth Arden, D.C.S.D.N.Y.1947, 80 F.Supp. 243. In Markert v. Swift & Co., D.C.S.D.N.Y. 1947, 80 F.Supp. 246, where the motion to dismiss was granted, the complaint was filed before May, but was amended thereafter and prior to the decision on the motion. In at least two decisions in the Western District of New York, the motion was granted although the complaint was filed prior to May, 1947. Holland v. General Motors Corp., D.C.W.D.N.Y.1947, 75 F. Supp. 274; Sinclair v. United States Gypsum Co., D.C.W.D.N.Y.1948, 75 F.Supp. 439.

---

[1] No opinion for publication.

Plaintiff urges two reasons for distinguishing this case from the vast majority of decisions. He asserts that the present action is not for so-called portal-to-portal activities. Most of the thirty-odd opinions on this question carefully point out that the suits under consideration therein concern such activities. In at least one case the motion to dismiss was denied because the Court was convinced the action was not for portal-to-portal activities. Conwell v. Central Missouri Tel. Co., D.C.Mo.1947, 74 F. Supp. 542. It would appear, however, that the amending Act does apply to all suits under the 1938 Act. In Seese v. Bethlehem Steel Co., D.C.Md.1947, 74 F.Supp. 412, 416, Judge Chesnut wrote: "* * * the Act in this respect is not limited to portal-to-portal activities as such but defines the essential characteristics of any alleged liability for non-payment of minimum wages or overtime compensation. *None* are to be compensable 'except an activity which was compensable by either—' contract, custom or practice. Furthermore, while the language includes the word 'except', it seems entirely clear from the whole wording that the *exception is the only activity which* is compensable. Therefore the complaint is legally sufficient only when it alleges activities that are compensable under the Fair Labor Standards Act as amended by the Portal-to-Portal Act."

Plaintiff contends that the instant suit is not for portal-to-portal activities. Defendants' position is to the contrary. In this case, there is but one plaintiff, and the verified bill of particulars shows that he labored a substantial number of overtime hours each week. His work was performed in a garment factory in New York City.

All this suggests a so-called "legitimate" suit, and not one that is outlawed. However, this question need not now be decided.

The second factor that is said to distinguish this litigation is that the present complaint was filed prior to May, 1947. This was the express ground of decision in Dorucki v. Continental Baking Co., supra. Judge Chesnut, in Seese v. Bethlehem Steel Co., supra, noted that "we are not dealing in this case with a complaint which was good on its face when originally filed and to which the jurisdiction of the court then properly attached, but on the contrary, with an amended complaint filed after the Portal-to-Portal Act was passed and therefore not good on its face at the time."

Despite these cases, it does not now appear that the date of filing of the complaint, or of an amendment thereto is a controlling factor. Nor is it clear why it should be. Many cases have held the Act to be constitutional as applied to actions begun prior to May, 1947. Johnson v. Park City Consolidated Mines Co., D.C.Mo.1947, 73 F.Supp. 852; Ackerman v. J. I. Case Co., D.C.Wis. 1947, 74 F.Supp. 639; Darr v. Mutual Life Ins. Co., D.C.S.D.N.Y.1947, 72 F.Supp. 752. Since the Act is constitutional in its application to actions begun before May, it is difficult to understand why the procedure for raising the point should differ depending upon the date of filing of the complaint, or an amendment thereto.

As the courts have frequently had occasion to remark, the entertainment of a motion to dismiss is a practicable procedure. Whether the action is outlawed should be faced at the very start. In view of the recent decisions in this Circuit, and the great number of cases elsewhere, dismissing such actions, the present motion will be granted with leave to plaintiff to amend his complaint within twenty days.