## *In re* HALL, Petitioner.

ORIGINAL.

No. 17. Original. Submitted April 12, 1897. — Decided May 10, 1897.

A judgment in the Court of Claims against the District of Columbia recovered under the act of February 13, 1895, c. 87, was reversed in this court because interest on the original claim had been improperly allowed, and the case was remanded to that court for further proceedings not inconsistent with the opinion of this court. The mandate of this court was filed in that court, and application was made for judgment in accordance with the opinion of this court, waiving interest. Pending the decision upon this application, the said act of February 13, 1895, authorizing the original judgment was repealed by Congress, and the Court of Claims declined to enter judgment as prayed for. The plaintiff thereupon made application to this court for a mandamus, to require the Court of Claims to enter judgment as requested. *Held,* that the effect of the repealing act was to take away the jurisdiction of the Court of Claims to proceed further in any case founded upon the repealed act; but that this court did not intimate by this decision that that court would not have jurisdiction to entertain and grant a motion on the part of the petitioner to reinstate the original judgment.

THE case is stated in the opinion.

*Mr. Edwin Forrest* for petitioner.

*Mr. Assistant Attorney General Dodge* opposing.

MR. JUSTICE PECKHAM delivered the opinion of the court.

This is an original application to this court for a writ of mandamus to the judges of the Court of Claims commanding them to cause to be entered a judgment in favor of petitioner and against the District of Columbia for the sum of $8644.19, as of March 2, 1897, the date of the filing of a mandate from this court with the Court of Claims in the case of *District of Columbia* v. *Hall.* The record now before us gives the history of that case since it was decided by this court in February last.

The facts in the original litigation out of which this applica-

tion grows are to be found in the report of the cases of *District of Columbia* v. *Hall*, 165 U. S. 340, and *District of Columbia* v. *Johnson*, 165 U. S. 330. It appears therein that this petitioner, under the provisions of the act of Congress approved February 13, 1895, had recovered a judgment in the Court of Claims, which was entered June 22, 1896, against the District of Columbia, for the above-named sum of $8644.19, with a declaration contained in the judgment that such amount became due and payable on the 1st of January, 1877, the effect of which was to grant interest thereon from the last-named date. Upon appeal this court determined that the Court of Claims erred in the matter of granting interest, and therefore the judgment of that court was reversed and the cause remanded. On the 1st day of March, 1897, the mandate from this court was issued, in which it was "ordered and adjudged by this court that the judgment of said Court of Claims in this cause be, and the same is hereby, reversed. And it is further ordered that this cause be, and the same is hereby, remanded to said Court of Claims for further proceedings not inconsistent with the opinion of this court." The mandate was filed with the Court of Claims on the 2d day of March, 1897, and on the opening of the court on that day application was made for judgment in accordance with the mandate and the opinion of this court, the petitioner waiving any interest on the judgment. This motion was consented to by the attorney representing the District of Columbia, but the Court of Claims refused to immediately grant the motion, and soon thereafter adjourned to the 8th of March. On the 15th of March the court entered an order declining to take any further proceedings in any suits based on the act of Congress, among them being the petitioner's claim, for the reason that the act had been repealed. The repealing act was enacted one day after the filing of the mandate in this case in the Court of Claims and the making of the motion by the petitioner for judgment.

The judges of the Court of Claims have made return to the order to show cause why the mandamus should not issue, and in that return they state:

"That on the 2d day of March, 1897, that not being a motion day according to the practice of said court, was presented in open court the mandate of the Supreme Court reversing the judgment in favor of Joseph T. H. Hall, which is described and set forth in the petition, together with a motion for entry of judgment for the sum of $8664.19; that said motion was presented upon a day when the court was engaged in the regular trial of cases, and according to the practice of the court was received without argument and taken under advisement for decision thereafter; that at or about the same time the attention of the court was called to the pendency of the various motions for new trial from the numerous judgments, embodying the same characteristics which had been held to be erroneous by the Supreme Court, and on the said 2d day of March, 1897, mandates from the Supreme Court reversing the three other judgments appealed from as aforesaid and heard together with that of Joseph T. H. Hall, and in the same form as the mandate set forth in the petition, were filed.

"That on the said 2d day of March, 1897, and before the court in the ordinary course of its business had been able to take up for consideration the motion for judgment in favor of said petitioner, or to examine the opinion of the Supreme Court, referred to in the mandate and set forth in the petition, the court adjourned to the 8th day of March, and while so adjourned, Congress enacted and the President approved the act of March 3, 1897, entitled 'An act making appropriations to provide for the expenses of the District of Columbia for the fiscal year ending June 30, 1898, and for other purposes,' which said act contained, amongst other things, the following provision: 'That the act approved February thirteenth, eighteen hundred and ninety-five, entitled " An act to amend an act, entitled ' An act to provide for the settlement of all outstanding claims against the District of Columbia, and conferring jurisdiction upon the Court of Claims to hear the same, and for other purposes,' approved June sixteenth, eighteen hundred and eighty," be and the same is hereby repealed, and all proceedings pending shall be vacated

and no judgment heretofore rendered in pursuance of said act shall be paid.'

" That at the time of the passage of said act the judgment in favor of the petitioner, as also of said three other appellants, had been by the action of the Supreme Court reversed and set aside. The judges of the Court of Claims, upon conference and due consideration, reached the conclusion that said act of Congress had taken away the power of the court to render judgment or take any step or proceeding in the said case, or in any of the other cases pending, or with reference to any of the judgments theretofore rendered under and by virtue of the jurisdiction conferred by said act of February 13, 1895; wherefore on the 15th day of March, 1897, that being the first motion day after the court resumed its sittings on the 8th of March, and the regular day upon which, according to the practice of the Court of Claims, judgments and decisions are rendered and entered, the said Court of Claims made the order set forth on page 7 of the petition in the following words, to wit:

" ' The act of 13 February, 1895, 28 Stat. 664, having been repealed by Congress, it is ordered in all suits brought under or subsequent to said act that motions for new trial, applications for judgments and all other papers in such suits be restored to and retained upon the files of the court without further proceedings being had.' "

The petitioner now insists that he has the legal right to a judgment in the Court of Claims for the original sum of $8644.19, because he says the judgment of that court originally awarding him that sum was not in effect wholly reversed by this court, but only in part in regard to interest, and that as to all other matters the judgment, under the opinion of this court, substantially remained and was in full force on the 2d day of March, at the time of the filing of the mandate and of the making of his motion to the Court of Claims; he therefore further insists that he was, when he made that motion, entitled at once to the judgment he asked for, and that if it had then been given, he would have been enabled to obtain payment of the judgment prior to the repeal of the act upon

which the judgment was originally founded.   He asks, there-
fore, that this court direct the Court of Claims to enter a
judgment *nunc pro tunc* as of March 2, 1897.

In this case the judgment was, in form at least, absolutely
reversed and the case remanded to the Court of Claims for
further proceedings not inconsistent with the opinion of this
court.   Confessedly, further proceedings by virtue of the man-
date and under the direction of the Court of Claims were
necessary to be taken before any judgment could be entered
in such court and thereafter enforced, and before any proceed-
ings were taken by way of the entry of any judgment Con-
gress interfered by repealing the statute.   When the mandate
was filed in the Court of Claims and the motion made for
judgment, that court was engaged in the regular trial of
causes; it was not a motion day according to the practice of
the court, and the court received the mandate and heard the
request, and took the same under advisement for decision
thereafter.   The court was not bound, upon the simple pres-
entation of the mandate and the statement of counsel, even
if there were no opposition on the part of the attorney for
the District of Columbia, to immediately drop all other busi-
ness and grant the motion; it had the right, and it was its
duty in the due and orderly progress of its work, to take the
motion into consideration if it thought it necessary, so that it
might examine the opinion and come to an intelligent conclu-
sion as to what action was required of it for the purpose of
complying with the terms of the mandate.   The fact that the
court had already heard of the decision of this court and had
casually seen the opinion, did not alter the case.

The effect of the passage of the repealing act was to take
away the jurisdiction of the Court of Claims to proceed further
in those cases which were founded upon the act thus repealed.
This the Congress had power to do.   *Merchants' Insurance Co.* v.
*Ritchie,* 5 Wall. 541, 544; *Ex parte McCardle,* 7 Wall. 506; *Ex
parte Yerger,* 8 Wall. 85; *Baltimore & Potomac Railroad* v.
*Grant,* 98 U. S. 398; *Gurnee* v. *Patrick County,* 137 U. S. 141.

This court had just decided that the act of February 13,
1895, 28 Stat. 644, simply conferred a gratuity upon the per-

sons covered by its provisions; that there was no element of a legal or an equitable claim in their favor against the municipal authorities of the District, but that the act provided for a gift which was wholly without consideration. The repeal of the act took away all jurisdiction in the Court of Claims to proceed further, so far as concerned any rights founded upon the act so repealed. If there had been no repeal, and the Court of Claims had, after the filing of the mandate from this court, proceeded to a new trial of the whole merits of the original judgment, the case cited by the petitioner, *Gaines* v. *Rugg*, 148 U. S. 228, might be in point. It does not touch the case upon the facts here presented.

In this case, however, the record originally before us showed that the petitioner had at one time obtained a judgment for over a thousand dollars against the District of Columbia upon a cause of action not founded upon the act of Congress just repealed. This judgment had been vacated. We do not intimate by this decision that the Court of Claims would not have jurisdiction to entertain and grant a motion on the part of petitioner, if he should be so advised, to reinstate that original judgment. That question is not before us, and we allude to it simply for the purpose of stating that our decision herein should not be taken as any expression of opinion adverse to the granting of a motion such as is above mentioned.

The application for a writ of mandamus is

*Denied.*