**SEESE et al. v. BETHLEHEM STEEL CO.**
**Civ. A. No. 3454.**

District Court, D. Maryland.
Oct. 14, 1947.

Maurice Braverman, of Baltimore, Md., for plaintiff.

Bernard J. Flynn, U. S. Atty., and C. Ross McKenrick, Asst. U. S. Atty., both of Baltimore, Md., and Peyton Ford, Asst. Atty. Gen., for United States, intervenor.

Marbury, Miller & Evans, Wm. L. Marbury and Chas. C. G. Evans, all of Baltimore, Md., for defendant.

I. Duke Avnet, Piper, Watkins, Avirett & Egerton and John W. Avirett, 2d, all of Baltimore, Md., amici curiæ.

CHESNUT, District Judge.

The important question in this case is the constitutionality of the recent Portal-to-Portal Act of 1947, approved May 14, 1947, being Chapter 52, Public Law 49, 29 U.S.C.A. § 251 et seq. But preliminarily there is a technical question of pleading to be considered. It arises in this way.

On February 19, 1947, the suit in this case was first filed by Ray Seese, President, and Curtis Wolfe, Secretary of Local 24, Industrial Union of Marine and Shipbuilding Workers of America, for themselves individually and on behalf of more than one hundred additional employees to recover wages and liquidated damages for alleged overtime work under the Fair Labor Standards Act, § 16(b), 29 U.S.C.A. § 201 et seq. The complaint made no charge that minimum wages in accordance with the Act had not been paid but was based exclusively on the alleged failure to com-

ply with section 7 of the Act, 29 U.S.C.A. § 207, which provided "No employer shall * * * employ any of his employees who is engaged in commerce or in the production of goods for commerce—(1) for a workweek longer than forty-four hours during the first year from the effective date of this section, (2) for a workweek longer than forty-two hours during the second year from such date, or (3) for a workweek longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

The complaint alleges such overtime work by various plaintiffs from and including a portion of the year 1938 (the effective date of the Act being October 24, 1938) to and including the date when the suit was filed in 1947. It further appeared from the complaint that the nature of the overtime work was what has popularly been termed "portal-to-portal" activities. That is to say, the defendant employer, Bethlehem Steel Company, Shipbuilding Division, had a large plant covering several acres of ground with buildings and docks on Key Highway in Baltimore City, for the repair of the ships, and had very many employees. It was alleged that the em-

ployees were required to report at various gates on the premises and punch a time clock nearby and thereafter spend an amount of time, not specifically described otherwise than as "substantial" in walking from the gates to their place of beginning of productive work for the day, and in equipping themselves with clothing and tools suitable for the work; and to be ready for that work when the whistle blew; and after the whistle blew again at the end of their day's productive work, it required time for them to make themselves ready for leaving the premises when the clock at the gate was again punched. In other words, more shortly stated, it was alleged that the plaintiffs were paid only for the time spent between whistle and whistle and not for the whole time spent on the premises as recorded on the time clock. It was for this class of alleged overtime work that compensation and liquidated damages were claimed.

Subsequently, on May 14, 1947, Congress passed the Portal-to-Portal Act. With respect to all types of activity by employees the Act provided that such activity should not be compensable unless it had been made so by either contract, custom or practice in effect at the time of the activity.[1]

After the passage of the Portal-to-Portal Act the plaintiffs, on September 11, 1947, filed an amended complaint to give effect

---

[1] "Existing Claims.

"Sec. 2. Relief from certain existing claims under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act [41 U.S.C.A. § 35 et seq.], and the Bacon-Davis Act [40 U.S.C.A. § 276a et seq.].

"(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act (in any action or proceeding commenced prior to or on or after the date of the enactment of this Act), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such

employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.

"(b) For the purposes of subsection (a), * * * an activity shall be considered as compensable under such contract provision or such custom or practice *only when it was engaged in during the portion of the day* with respect to which it was so made compensable.

"(c) In the application of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act of 1938, as amended, of the Walsh-Healey Act, or of the Bacon-Davis Act, in determining the time for which an employer employed an employee there shall

to the Portal-to-Portal Act with respect to the naming of the plaintiffs; and thereafter the defendant filed an amended motion to dismiss the complaint on the grounds that (1) under the Portal-to-Portal Act it failed to state a claim upon which relief can be granted and (2) the court does not have jurisdiction to enforce any liability in respect to the claims asserted in that the plaintiffs failed to allege that the activities for which compensation is claimed are compensable by either—contract, custom or practice.

Counsel for the plaintiffs, however, make the point that the provision of the Portal-to-Portal Act is only an *exception* to the general affirmative provisions of the Fair Labor Standards Act and therefore as a rule of pleading it was not necessary for the complaint to negative the exception but that the latter is available to the defendant only in its answer as a defense on the merits.

In support of this view counsel cite the case of Deaton v. Titusville Bldg. Corporation, D.C.S.D.N.Y., 72 F.Supp. 986, Coxe, D. J. And a decision to the same general effect seems to have been made in Lemme v. V. LaRose & Sons, Inc., D.C.E.D.N.Y., 7 F.R.D. 485, Kennedy, D. J. Both apparently dealt with complaints which were good when filed before the passage of the Portal-to-Portal Act. Compare discussion by Judge Medina in Bartel's v. Sperti, Inc., D.C.S.D.N.Y., 73 F.Supp. 751. In the present case we are dealing with the sufficiency of an amended complaint filed after the passage of the Portal-to-Portal Act.

I am also referred to a large number of similar cases in other districts in which motions to dismiss complaints for overtime work under the Fair Labor Standards Act setting up so-called portal-to-portal claims have been granted for failure to allege activities compensable under the Portal-to-Portal Act. See Story v. Todd Houston Shipyard Co., D.C.S.D.Tex., 72 F.Supp. 690; Cochran v. St. Paul & Tacoma Lumber Co., D.C.W.D.Wash., 73 F.Supp. 288; Boehle v. Electro Metallurgical Co., D.C. Or., 72 F.Supp. 21; Burfeind v. Eagle-Picher Co., D.C.N.D.Tex., 71 F.Supp. 929; Fajack v. Cleveland Graphite Co., D.C.N. D.Ohio, 73 F.Supp. 308; Lasater et al. v. Hercules Powder Co., D.C.E.D.Tenn., 73 F.Supp. 264.[2] It seems clear enough that the motions to dismiss in these latter cases could not have been properly granted unless the courts were satisfied that (1) the complaints failed to state a cause of action, absent the averment that the activities were compensable by contract, custom or practice, and (2) the Portal-to-Portal Act was constitutional.

In view of some diversity of opinion upon this subject of pleading, I have independently considered the point involved. I reach the conclusion that the effect of the Portal-to-Portal Act is to require the complaint to allege that the portal-to-portal activities are compensable in accordance with the Portal-to-Portal Act and that failing to do so the complaint does not state a good cause of action unless the Portal-to-Portal Act in this respect is unconstitutional as contended for by counsel for the plaintiffs. The reason for this conclusion is that the Portal-to-Portal Act in

be counted all that time, but only that time, during which the employee engaged in activities which were compensable within the meaning of subsections (a) and (b) of this section.

"(d) No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair-Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section." (Italics supplied.)

[2] Counsel have also listed 12 additional cases in the Southern District of Indiana and the Southern District of Ohio on which they state motions to dismiss portal-to-portal complaints for lack of jurisdiction have been granted by these respective courts. But the citations to the reports of the cases are not presently available.

this respect does not constitute technically an exception to the general liability under the Fair Labor Standards Act but is an enactment by Congress which specifically defines what constitutes compensable time under the Fair Labor Standards Act.

■ Whether a pleading must negative an alleged exception must be determined from the wording of the statute—"the true test is whether the exception is so incorporated with the substance of the clause defining the right, duty, liability, or offense as to constitute a material part of the description of the acts, omissions, or other ingredients thereof". 49 C.J. p. 154. There are many decisions illustrating the disputed point pro and con, as it is not always easy to determine how it should be decided under the particular statute; but the subject matter of the enactment and the structural wording of the particular Act are important. United States v. Cook, 17 Wall. 168, 21 L.Ed. 538; 153 A.L.R. 1218.

When we look at the wording and structure of the Portal Act we find that it was clearly intended to define what activities claimed to create a liability for overtime work were made compensable. Thus the language reads—"No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, * * * on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either—" contract, custom or practice. It will be noted that the Act in this respect is not limited to portal-to-portal activities as such but defines the essential characteristics of any alleged liability for nonpayment of minimum wages or overtime compensation. *None* are to be compensable "except an activity which was compensable by either—" contract, custom or practice. Furthermore, while the language includes the word "except", it seems entirely clear from the whole wording that the *exception is the only activity which is compensable*. Therefore the complaint is legally sufficient only when it alleges activities

that are compensable under the Fair Labor Standards Act as amended by the Portal-to-Portal Act. Conversely, the complaint does not state a legal liability unless it alleges compensable activities.

■ And I think this view of the matter is made even more certain by the provision of subsection (d) of section 2 of the Portal-to-Portal Act which withdraws jurisdiction to enforce liability with respect to an activity which was not compensable under subsections (a) and (b) of section 2 of the Portal-to-Portal Act. It is, of course, a firmly established rule of federal pleading that if jurisdiction of the court does not affirmatively appear in the plaintiff's pleading or complaint, it is subject to dismissal on motion. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; Foster v. National Biscuit Co., D.C., 31 F.Supp. 552 (a suit under the F.L.S.A.); Cochran v. St. Paul & Tacoma Lumber Co., D.C.W.D. Wash., 73 F.Supp. 288, Leavy, D. J. (a portal-to-portal suit). Many of these cases above cited in which the complaints for portal-to-portal activities have recently been dismissed on motion expressly emphasize the point that under subsection (d) of section 2 of the Portal-to-Portal Act jurisdiction is withdrawn as to pending suits unless it appears that the activities for which compensation is claimed are made compensable by subsections (a) and (b) of section 2. Burfeind v. Eagle-Picher Co., D.C.Tex., 71 F.Supp. 929; Cochran v. St. Paul & Tacoma Lumber Co., D.C.Wash., 73 F.Supp. 288; Boehle v. Electro Metallurgical Co., D.C. 72 F.Supp. 21; Story v. Todd Houston Shipyard Corporation, D.C. Tex., 72 F.Supp. 690; Bartel's v. Sperti, D.C.N.Y., 73 F.Supp. 751.

It is also to be noted on the matter of strict pleading that we are not dealing in this case with a complaint which was good on its face when originally filed and to which the jurisdiction of the court then properly attached, but on the contrary, with an amended complaint filed after the Portal-to-Portal Act was passed and therefore not good on its face at the time. I therefore must conclude that the complaint does not state a good cause of action unless the

Portal-to-Portal Act in this respect is unconstitutional. I suggested to counsel for the plaintiffs that the difficulty could readily be met by a further amendment of the complaint to allege that the activities were compensable by contract, custom or practice if the facts so warranted, and indicated that leave would be granted to make this amendment; but this was declined by them. If I could conclude to the contrary, it would be a sufficient reason for overruling the motion at this time rather than undertaking to consider presently the much more important question of the constitutionality of the Portal-to-Portal Act. I think the conclusion accords also with the practical aspects of expedition, economy and convenience in the trial of a case of this nature, where there are separate claims of more than one hundred plaintiffs for overtime work of indefinitely alleged and varying amounts over a period of more than seven years in the past. If the Act is constitutional the plaintiffs cannot recover unless the overtime work was compensable. It seems obvious that the constitutional question should be determined in this case before a long and expensive trial on the facts.

In necessarily reaching the constitutional point I am met at the outset with the entire unanimity of federal judicial opinion in the district courts to the effect that the Act is *not* unconstitutional. Although the question has been necessarily present in the numerous cases above cited which have heretofore been dismissed on motion, no district judge has yet held the Act unconstitutional and apparently only one has intimated any great doubt upon the subject. See Sveltik v. Vultee Aircraft Corporation D.C.Tex., Wilson, J.[1] A number of district judges have concluded that the Act is constitutional after very full consideration. Burfeind v. Eagle-Picher Co.; Boehle v. Electro Metallurgical Co.; Cochran v. St. Paul & Tacoma Lumber Co.; Lasater v. Hercules Powder Co. supra. See also the comprehensive but comparatively succinct opinion of Judge Hincks of Connecticut sitting in the Southern District of New York, Darr v. Mutual Life Ins. Co., D.C., July 11, 1947, 72 F.Supp. 752.

Counsel for the plaintiffs have earnestly argued orally and in their very excellent extended brief against the constitutionality of the Act on the ground that in its retroactive effect it would deprive the plaintiffs of property without due process of law in violation of the 5th Amendment. More particularly the point is made that the plaintiffs obtained *vested rights* under the Fair Labor Standards Act as interpreted by the Supreme Court in Anderson v. Mt. Clemens Pottery Co. 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, following Tennessee Coal Iron & R. Co. et al. v. Muscoda Local No. 123, et al. 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014; Jewell Ridge Coal Corporation v. Local No. 6167 United Mine Workers, 325 U.S. 161, 172, 65 S.Ct. 1063, 89 L.Ed. 1534. Retrospective legislation is generally not favored by the courts and where there is an open question of construction of a statute with respect to whether it should be applied retrospectively it will only be so applied where it clearly does not impinge upon constitutional protection. Duke Power Co. v. South Carolina Tax. Comm., 4 Cir., 81 F.2d 513, 516. And it is a sound principle of constitutional law that retroactive legislation in general will not be allowed to impair rights which can truly be said to be *vested* rights of a nature constituting property rights. Lynch v. United States, 292 U.S. 571, 54 S.Ct. 641, 78 L.Ed. 1434; Ettor v. City of Tacoma, 228 U.S. 148, 156, 33 S.Ct. 428, 57 L.Ed. 773; Hathorn v. Calef, 2 Wall. 10, 17 L.Ed. 776; Steamship Co. v. Joliffe, 2 Wall. 450, 17 L.Ed. 805; Coombes v. Getz, 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866; Duke Power Co. v. South Carolina Tax Comm., 4 Cir., 81 F.2d 513; Knickerbocker Trust Co. v. Myers, C.C., 133 F. 764, 767; Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. Cf. Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Wright v. Union Central Life Ins. Co. 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184.

Counsel for the plaintiffs have taken pains to analyze and classify cases in which retrospective statutes have been upheld as

---

[1] No opinion for publication.

constitutional, and submit the following classification as exhaustive: (1) statutes affecting merely the nature of the legal remedy and leaving the substantive rights untouched; (2) statutes abolishing the right to enforce a mere penalty or cause a forfeiture; (3) corrective statutes validating contracts or ratifying official acts open to attack on technical grounds; (4) statutes modifying existing contracts whose continued operation would directly obstruct the exercise of sovereign power; (5) statutes changing conditions of recovery of an existing cause of action but permitting substantial compensation in different form, and (6) statutes which take away purely statutory rights by repealing the law creating such rights. It is argued that the Portal-to-Portal Act as expressly made retroactive and applicable to pending suits does not fall within any of these classes; but if the classification is to be accepted as absolutely exhaustive, the question still remains whether the Portal-to-Portal Act is not properly to be classified in class (6) where the rights repealed are purely or dominantly of statutory origin.

■ The plaintiffs' major premise is that they obtained *vested rights* under the Fair Labor Standards Act. But this requires analysis. The contention is that the plaintiffs when employed by the defendant entered into a contract, the terms of which were governed by the Fair Labor Standards Act. It is of course true in general that contracts when made by individuals are subject to existing valid legislation and the latter is said to be read into the contract. It is, however, important to distinguish between that part of the contract of employment which was the personal and actual agreement of the parties and that part which was superimposed by the statute. In the instant case it is apparent that the purely personal portions of the contract have been performed as there is no averment to the contrary. The alleged unperformed part, that is for the portal-to-portal activities, were not a part of the personal contract but imposed only by the Fair Labor Standards Act as construed by the Supreme Court. It seems necessarily to follow that the extra compensation now claimed is of purely statutory origin.

The employees' rights under the Fair Labor Standards Act are called "statutory" in Tennessee Consol. Coal Co. v. Muscoda Local 321 U.S. 590, 602, 64 S.Ct. 1257, 88 L.Ed. 1596; Jewell Ridge Coal Corporation v. United Mine Workers, 325 U.S. 161, 167, 65 S.Ct. 1063, 89 L.Ed. 1534, and Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 704, 65 S.Ct. 895, 89 L.Ed. 1296.

In enacting the Fair Labor Standards Act Congress was exerting its constitutional exercise of power in regulating interstate commerce, and its dominant feature was a matter of public concern and public interest. United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430. The Portal-to-Portal Act is of course based on the same power to regulate interstate commerce. The controlling reasons which led to its enactment are a matter of such recent and well-known history that it would be a work of supererogation to dwell upon them here. They are stated at length in Part I of the Act entitled "Findings and Policy". And the national conditions then existing with respect to interstate commerce brought about by the flood of portal-to-portal suits in the courts of the United States following the decision in Anderson v. Mt. Clemens Pottery Co. 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, are stated at length in House Report No. 71 accompanying the Act.[3]

■ As Congress had the constitutional power to originally enact the Fair Labor Standards Act and thereby affect the relationships of employer to employee in interstate commerce, it is not to be doubted that it had equal power in the same field to amend or modify these relationships. Indeed this seems to be not seriously disputed with respect to the future but is attacked only as to the past. But in both cases Congress was prescribing the economic policy to be pursued with respect to interstate commerce, and to meet conditions which at the respective times it deemed wise and controlling in the interests of interstate commerce as a matter of sovereign governmental policy. It is probably true

---

[3] To be conveniently found in United States Code, Congressional Service, 1947, Advance Sheet No. 4, pp. 2.85 to 2.92, including a discussion of the constitutionality of the Act. (p. 2.90).

that when the Fair Labor Standards Act was first enacted, it necessarily affected then existing purely private contracts of employment. See Overnight Motor Transportation Co. Inc., v. Missel, 316 U.S. 572, 577, 62 S.Ct. 1216, 86 L.Ed. 1682, and Norman v. Baltimore & O. R. Co., 294 U.S. 240, 304-309, 55 S.Ct. 407, 79 L.Ed. 885, 95 A. L.R. 1352. If the original Act validly had that effect, it is difficult logically to see how the present modification of existing rights is less valid. If it had thought wise to do so, Congress could have repealed the Fair Labor Standards Act in toto and if the repealing Act provided that it should apply to all existing claims or cases under the Act repealed and did not contain a saving clause with respect to them, it is not apparent why it would have been invalid as to them. 1 U.S.C.A. § 29, provides "Sec. 29. *Repeal of statutes as affecting existing liabilities.* The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, *unless the repealing Act shall so expressly provide,* and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." (Italics supplied.)

This seems to be a clear recognition of the reserved power of Congress to modify or withdraw rights based purely on prior statutes subject only, of course, to constitutional limitations. The only such limitation relied on in this case by the plaintiffs is based on their contention that they acquired a vested property right by reason of the Fair Labor Standards Act. But this latter Act was enacted by Congress in the exercise of its sovereign delegated power to regulate interstate commerce. And the Portal-to-Portal Act in amending the substantive right created is of the same constitutional nature exercised in the judgment of Congress as the proper policy for the Nation in matters affecting the employer-employee relationship in interstate commerce; and is kindred to the exercise of the police power by the States which, of course, may and often does affect previously existing personal rights. Western Union

Tel. Co. v. Louisville & N. R. Co., 258 U.S. 13, 42 S.Ct. 258, 66 L.Ed. 437 (repeal of Act giving power to condemn, pending judicial proceeding); Ewell v. Daggs, 108 U.S. 143, 150, 2 S.Ct. 408, 27 L.Ed. 682 (repeal of usury law); Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (extending period of limitations after bar had accrued); United States v. Weekly Publications, 2 Cir. 144 F.2d 186 (amending Act affecting informers' fees); Danforth v. Groton Water Co. 178 Mass. 472, 59 N.E. 1033, 86 Am.St.Rep. 495; Robinson v. Robins Dry Dock Co. 238 N.Y. 271, 144 N.E. 579, 36 A.L.R. 1310; State of Maryland v. Baltimore & O. R. Co. 3 How. 534, 11 L. Ed. 714; 16 C.J.S., Constitutional Law, § 254, p. 674; United States v. Darby, 312 U.S. 100, 114, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430. In Campbell v. Holt, supra, in sustaining a retroactive extension of the period of limitations after the bar had accrued, Mr. Justice Miller said [115 U.S. 620, 6 S.Ct. 210]: "The action is based on contract. * * * It is not a suit to recover possession of real or personal property, but to recover for the violation of an implied contract to pay money. The distinction is clear, and, in the view we take of the case, important."

I therefore conclude that the rights now asserted by the plaintiffs under the Fair Labor Standards Act were not vested rights protected by the 5th Amendment because only of statutory origin which could be and have been constitutionally taken away by the Portal-to-Portal Act. This being so, the further provision of section 2(d) of the Portal-to-Portal Act also mandatorily requires the dismissal of the complaint. That section very definitely and clearly withdraws jurisdiction from both federal and state courts to enforce liability to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, except to the extent that the activities sued for were made compensable by the Portal-to-Portal Act, and the provision is made applicable to pending cases. The language is so clear that there is no room for construction as in Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 843, 78 L.Ed. 1434, where private

contract rights under war risk insurance were protected against a repealing Act and where Mr. Justice Brandeis said: "That the contracts of war risk insurance were valid when made is not questioned. As Congress had the power to authorize the Bureau of War Risk Insurance to issue them, the due process clause prohibits the United States from annulling them, unless, indeed, the action taken falls within the federal police power or some other paramount power."

■ The power of Congress to create, modify or withdraw jurisdiction in inferior federal courts is a firmly established doctrine. Lockerty v. Phillips, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339; Kline v. Burke Const. Co., 260 U.S. 226, 234, 43 S. Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, and if the jurisdiction is withdrawn without a saving clause, pending cases, though valid when instituted, must fall. Merchants Ins. Co. v. Ritchie, 5 Wall. 541, 18 L.Ed. 540; Assessors v. Osbornes, 9 Wall. 567, 19 L. Ed. 748; In re Hall, 167 U.S. 38, 42, 17 S. Ct. 723, 42 L.Ed. 69; Kline v. Burke Const. Co., supra. An outstanding case in which the rule was applied in a pending habeas corpus case is Ex parte McCardle, 7 Wall. 506, 514, 515, 19 L.Ed. 264. Congress has not infrequently exercised the power to withdraw jurisdiction from the inferior federal courts in particular matters, a well-known instance of which was the Norris-LaGuardia Act, with respect to the issuance of injunctions growing out of labor disputes, 29 U.S.C.A. § 101.

I therefore conclude that the motion to dismiss the complaint must be granted on both grounds stated in the motion to dismiss. The importance of the subject and the excellent and extended briefs submitted by counsel for the respective parties, and by other counsel as amici curiæ and by the Attorney General of the United States who has intervened after being notified under the Act of Congress of 1937, 28 U.S.C.A. § 401, that questions would be raised in the case affecting the constitutionality of the Portal-to-Portal Act, would perhaps justify or require a more extended opinion with further detailed analysis of the applicable

decisions on the constitutional point but, as the subject has heretofore been extensively considered in numerous other district courts and will probably be even more fully presented in the appellate courts, I will not further extend the opinion in this case. Counsel may present the appropriate order in due course.