## HANNEVIG v. UNITED STATES.
### No. 47846.

United States Court of Claims.
July 11, 1949.

Harry S. Hall, Washington, D. C. (J. C. Trimble, Washington, D. C., on the brief), for plaintiff.

Donald B. MacGuineas, Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff brought this suit on August 12, 1947, by the filing of a petition, which he signed and verified, to recover compensation for the requisitioning by the Government of plaintiff's contracts with certain shipyards which he alleges the defendant assumed.

From the allegations of the petition it is shown that plaintiff is a resident of the City of Oslo, Norway, and is a national of Norway. The Government of Norway accords to citizens of the United States the right to prosecute claims against such Government in its courts. Plaintiff was beyond the seas at the time his cause of action first accrued and the limitation provided in section 156 of the Act of March 3, 1911, 36 Stat. 1080, 1139, 28 U.S.C. § 262 [now 28 U.S.C.A. § 2501], had not expired at the time the petition herein was filed.

For many years plaintiff has been engaged in the business of constructing and operating ships in world commerce. On March 8, 1917, he entered into contracts with the Pusey & Jones Company, of Wilmington, Delaware, the Pennsylvania Shipbuilding Company and the New Jersey Shipbuilding Company, of Gloucester, New Jersey, for the construction for plaintiff's account of a large number of ocean-going cargo ships.

On August 3, 1917, the United States, by and through its authorized agencies, the United States Shipping Board and the United States Shipping Board Emergency Fleet Corporation, requisitioned and took over said ship construction contracts and shipyards above-mentioned. Prior to this requisitioning plaintiff had advanced and loaned to the shipyards or ship construction companies mentioned, the sum of $2,848,125.31 for and on account of the performance of the aforesaid ship construction contracts. It is alleged that by its act of requisitioning and the taking over of pos-

session, control and management of the shipyards and ship construction contracts, the defendant assumed the payment of this sum to plaintiff.

The petition further alleges that subsequent to August 3, 1917, the plaintiff, at the request and urging of the Government, by and through its authorized agents and officials, and on the promise that the same would be repaid, made a further advance and loan of $3,877,182.55 to the ship construction companies, hereinabove-mentioned, on account of his contracts with them. It is alleged that by express promise and by implication defendant assumed the payment of this amount to plaintiff.

It is alleged that the two sums mentioned, totaling $6,725,307.86, are justly due plaintiff, from the defendant, after the allowance of all just offsets and credits.

The defendant has filed a motion to dismiss the plaintiff's petition on the ground that this court has been divested of jurisdiction of the claim by virtue of the ratification of the Claims Convention between the United States and Norway, signed March 28, 1940, providing for the settlement of the claim of the Government of Norway on behalf of the plaintiff against the United States.

The convention or treaty between the United States and Norway, signed March 28, 1940, recites that the Government of Norway has made claim against the Government of the United States on account of damages alleged to have been sustained by Christoffer Hannevig, as a result of acts of the United States in relation to certain properties in the United States in which Hannevig claims to have had an interest; that the Government of the United States has made claim against the Government of Norway in connection with certain litigation in the courts of Norway involving the rights and interests of the George R. Jones Company; and that the President of the United States and the King of Norway, "desirous of reaching an amicable agreement for the disposition of such claims and of concluding a convention for that purpose," have named plenipotentiaries who have agreed upon certain articles of a convention.

Following this, the Convention prescribes in detail the method by which the Agent for the Government of Norway is to submit to the Agent for the United States the claim on behalf of Christoffer Hannevig, and supporting evidence. It further provides that in the event the two Governments shall be unable to agree upon a disposition of the claim, the case shall be referred to the Court of Claims (subject to authorization by Congress) upon the record made before the diplomatic Agents, and that the decision of the Court of Claims may be reviewed by petition to the Supreme Court. The convention provides that in the event an award is rendered in favor of the Government of Norway, it shall not be paid to that Government until the claims of creditors of Hannevig shall have been settled by an agreement between the two Governments. The convention states that it "shall take effect immediately upon the exchange of ratifications." The full text of the convention appears at 94 Cong.Rec. 5237. The convention was ratified by the Senate on April 30, 1948. The exchange of ratifications of the Convention took place at Washington on November 9, 1948. The subject matter of the Convention is still under consideration; no agreement has been reached, nor have the parties determined that they are unable to reach an agreement.

In our opinion this convention or treaty, upon ratification by the Senate, had the effect of withdrawing the claim made in plaintiff's petition from the jurisdiction of this court as effectually as if this had been accomplished by a statute enacted by both Houses of Congress and approved by the President. Article VI, Clause 2, of the Constitution provides as follows:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; * * *."

Under this constitutional provision the convention or treaty here involved became a part of the law of the land and we think it must be regarded as the equivalent of an act of Congress. Valentine v. United States ex rel. Neidecker, 299 U.S. 5, 10, 57 S.Ct.

100, 81 L.Ed. 5; Asakura v. City of Seattle, 265 U.S. 332, 341, 44 S.Ct. 515, 68 L.Ed. 1041; Missouri v. Holland, 252 U.S. 416, 432, 40 S.Ct. 382, 64 L.Ed. 641, 11 A.L.R. 984; United States v. Pink, 315 U.S. 203, 230, 62 S.Ct. 552, 86 L.Ed. 796; Fellows v. Blacksmith, 19 How. 366, 372, 15 L.Ed. 684; Foster v. Neilson, 2 Pet. 253, 314, 7 L.Ed. 415.

■ The consent given by the United States to be sued is not a vested right and such consent may be modified or withdrawn at any time. Lynch v. United States, 292 U.S. 571, 581, 54 S.Ct. 840, 78 L.Ed. 1434; Maricopa County v. Valley National Bank of Phoenix, 318 U.S. 357, 362, 63 S.Ct. 587, 87 L.Ed. 834; De Groot v. United States, 5 Wall. 419, 432, 18 L.Ed. 700; In re Hall, 167 U.S. 38, 42, 17 S.Ct. 723, 42 L.Ed. 69.

■ Plaintiff admits that the sovereign may modify or withdraw its consent to be sued but says that the Convention ratified April 30, 1948, does not supplant or override existing law; that it is a mere contract and should not be construed as divesting this court of jurisdiction of plaintiff's claim because the convention or treaty was not self-executing and does not, therefore, have the force and effect of an act of Congress. We think the rule upon which plaintiff relies is not applicable here. The treaty deals specifically with plaintiff's claim and it requires no additional legislation insofar as the right and authority conferred thereby to settle the claim by diplomatic means is concerned. The treaty also included authority to settle the claim of the George R. Jones Company involved in certain litigation in the courts of Norway. The treaty making power embraces the rights and privileges of foreign nationals, and settlement of claims such as the one here involved has long been recognized as a proper subject of treaties and international agreements. Santovincenzo v. Egan, 284 U.S. 30, 40, 52 S.Ct. 81, 76 L.Ed. 151; Frelinghuysen v. Key, 110 U.S. 63, 3 S.Ct. 462, 28 L.Ed. 71; Meade v. United States, 9 Wall. 691, 19 L.Ed. 687; United States v. Pink, 315 U.S. 203, 230, 62 S.Ct. 552, 86 L.Ed. 796; United States v. Belmont, 301 U.S. 324, 57 S.Ct. 758, 81 L.Ed. 1134.

In view of the provisions of the Claims Convention and the authorities cited, we hold that our jurisdiction of plaintiff's claim has been effectually withdrawn, and the defendant's motion to dismiss the petition is accordingly allowed, and the petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.