ENCARNACIÓN FUENTES ET AL., Petitioners and Appellants, *v.* SOL L. DESCARTES, SECRETARY OF THE TREASURY, Respondent and Appellee.

No. 11311. Submitted March 7, 1956.—Decided March 10, 1958.

---

*Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella,* and *C. Morales, Jr.* for appellants. *José Trías Monge, Attorney General* and *Cándido Ceballos, Assistant Attorney General,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Encarnación Fuentes widow of Marcial Suárez Suárez and two heirs of the latter, named José Suárez Fuentes and Johnny Suárez Miranda, a minor represented by his guardian, Rafael Berríos Cabrera, filed in the Superior Court a petition for injunction against the Secretary of the Treasury. They alleged in the complaint, briefly, that on October 5, 1951, the defendant assessed the income tax owed by Marcial Suárez Suárez for the years 1941 to 1946 inclusive, totalling $161,276.96; that the said assessment is null and void because in assessing the tax deficiency the Secretary of the Treasury failed to comply with § 57(a) of the Income Tax Act, which requires that a preliminary and a final notice be served by registered mail on the taxpayer from which final notice he may appeal to the Superior Court; that after making the tax assessment and without having given the final notice required by law, the Secretary of the Treasury proceeded to attach all the properties of the heirs; that the said attachment does not permit the taxpayers to enjoy fully the property and that such illegal action of the defendant is prejudicial to them; that the plaintiffs do not have a remedy at law because they never received a final notice from which they could have appealed to the Superior Court, nor is the remedy to pay the tax and apply for a refund within their reach because no legal debt has been imposed on the plaintiffs. The complaint ends with the prayer that the defendant be ordered to set aside the orders of attachment and to cancel the receipts issued, and also to serve notice of the

deficiencies originally determined upon the predecessor in interest, Marcial Suárez Suárez, in the manner provided by law.

The defendant, Secretary of the Treasury, filed a motion to dismiss the petition, alleging (a) that the court lacked jurisdiction to entertain the case in view of the provisions of subdivisions 3 and 7 of § 3 of Act No. 1, approved February 25, 1946 (Sess. Laws, p. 2), and (b) that the plaintiffs had a speedy and adequate remedy at law to litigate the question at issue, and, having failed to use this remedy, they had no cause of action to invoke the equitable relief of injunction.

The defendant also filed a motion for summary judgment in his favor, alleging (1) that the question involved in this appeal was discussed and decided in case No. 1–301 brought by the plaintiffs before the former Tax Court of Puerto Rico, it being therefore res judicata; (2) the basic facts which give rise to the petition for injunction were accepted by the plaintiffs in the said appeal No. 1–301; (3) the plaintiffs expressly waived the final notice of deficiency; (4) the plaintiffs accepted and consented to the assessment of the tax, and are barred from raising the question of lack of notice; and (5) the plaintiffs have incurred laches to the detriment of the defendant, since the right of the latter to reassess and collect the said taxes has prescribed.

On December 23, 1953, the lower court entered an order denying the petition for injunction. From that order the plaintiffs took the present appeal.

█ The grounds of the order appealed from are not clearly set forth in the opinion rendered by the lower court. The said opinion merely states that the plaintiffs did not take into consideration the provisions of § 57 (c) or of § 62 (a) and (b) of the Income Tax Act.[1] The said pro-

---

[1] Section 57 (c) empowers the Secretary of the Treasury that whenever he believes that the assessment of a deficiency will be jeopardized by delay, he shall immediately assess said deficiency and make the notice

visions are then copied, without discussing their applicability to the facts set forth in the petition for injunction. The opinion further says that neither have the plaintiffs taken into account the content of Act No. 232, approved May 10, 1949 (Sess. Laws, p. 720).[2] It likewise states that from the allegations of the plaintiffs it cannot be inferred that the Secretary of the Treasury, in complying with the obligations which the law imposes on him, "has violated, or will violate, in a manner not admitting remedy, any right of the plaintiff." Lastly, it is stated in the opinion that it is the duty of the court to bear in mind the provisions of Act No. 1 of February 25, 1946.[3]

It is evident that the lower court rendered judgment on the pleadings, taking as a basis the motion to dismiss filed by the defendant, and that it did not consider or pass upon the motion for summary judgment. This is admitted by the defendant and appellee in his brief before this Court.

In short, the grounds on which the trial court denied the petition for injunction are three. The first is based on the power which the law grants the Secretary of the Treasury to make a jeopardy assessment as provided in § § 57(c) and 62(a) and (b) of the Income Tax Act. This ground is erroneous and does not merit further consideration, since it does not appear from the allegations of the complaint or from the allegations of the Secretary of the Treasury that the latter made use of the jeopardy assessment provided by law.

▪ The second ground of the order appealed from is that the plaintiffs had within their reach the legal remedy

---

and demand for the payment thereof (jeopardy assessment), and § 62(a) and (b) prescribes the procedure to be followed whenever the Secretary of the Treasury assesses a deficiency pursuant to subdivision (c) of § 57.

[2] This Act grants to the taxpayer the right to apply for the refund or credit of a tax whenever he believes that he has paid the same, or that it has been unlawfully or unduly collected from him, or in excess of the amount due.

[3] This Act prohibits the granting of an injunction to prevent the levying or collection of any tax fixed by the laws of Puerto Rico.

of paying the tax and then applying for a refund, pursuant to the provisions of Act No. 232, approved May 10, 1949.

In view of the amendatory acts enacted subsequent to the date of the judgment appealed from, we find it unnecessary to pass upon the question concerning the existence of a legal remedy. We explain ourselves. Section 57(a) 10 of the Income Tax Act was amended by Act No. 9 of October 8, 1954 (Spec. Sess. Laws, p. 122). The said subdivision 10 now provides as follows:

"(10) No assessment of a deficiency in respect to the tax levied by this Act shall be made and no distraint or court proceeding for its collection shall be begun or prosecuted until the notification of final determination referred to in paragraph (1) has been sent by registered mail to the taxpayer, nor until the expiration of the period granted by this Act to the taxpayer for appealing to the Superior Court from such final determination, nor, if such appeal has been taken to the Superior Court, until the judgment of the Court, becomes final. *Notwithstanding the provisions of law to the contrary, such assessment, or the instituting of such distraint or court proceeding during the period hereby forbidden, may be prevented or annuled through judicial proceeding.*" (Italics ours.)

The foregoing provision clearly opens to the taxpayer the door of the courts, irrespective of the existence of another remedy, to prevent by injunction the assessment and collection of a tax under the circumstances therein set forth. Amendments of a procedural character, are applicable to pending actions such as the present one.[4]

In deciding this appeal, we have not considered the merits of the questions raised by the Secretary of the Treasury in his motion for summary judgment, as was not done by the lower court, which ought to pass upon the motion at the proper time.

---

[4] See *Suárez* v. *Tugwell, Governor*, 67 P.R.R. 166; *In re Hall*, 167 U.S. 38, 42 L.ed. 69; *People* v. *Superior Court*, 75 P.R.R. 501; *Cintrón et al.* v. *Banco Territorial y Agrícola*, 15 P.R.R. 495, 520; *Zayas* v. *Molina*, 50 P.R.R. 619, 622–23; *López* v. *American Railroad Co.*, 50 P.R.R. 1, 10; *Ojeda* v. *Gavilán*, 46 P.R.R. 386, 388.

The order appealed from will be reversed and the case remanded to the court of origin for further proceedings.

Mr. Justice Saldaña and Mr. Justice Santana Becerra did not participate herein.